LANIER, Judge.
This action commenced as a suit for a separation. The husband and wife agreed to a consent judgment of separation which provided, in pertinent part, that (1) the children would continue their religious training in the Catholic church and the parents would cooperate and facilitate the children’s education and practices of that religion, and (2) the husband and wife were enjoined from harassing, abusing, threatening or otherwise bothering each other. Subsequently, the husband filed a contempt rule against the wife asserting various violations of the separation judgment. The wife responded with rules for an increase in child support and contempt against the husband. After a trial, judgment was rendered which, in pertinent part, (1) found the husband and wife in contempt and (2) deleted the religious provision from the separation judgment. The husband took this appeal. The wife did not appeal or answer the appeal.
FACTS
Holt Louque and Billie June Cooper (Lou-que) were married on October 4, 1975. Of their union two children were born:- Paul Ryan Louque and Lauren Nicole Louque. On March 7, 1986, Mr. and Mrs. Louque physically ceased living together and a suit for a legal separation was filed. A consent judgment was entered in this suit on November 10, 1986. This consent judgment provided, in pertinent part, as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the joint custody, care, and control of the minor children, namely PAUL RYAN LOUQUE and LAUREN NICOLE LOUQUE, is hereby awarded unto petitioner, BILLIE LOUQUE, and unto the defendant, HOLT LOUQUE, subject to the following plan of implementation:
1. BILLIE LOUQUE is designated as the primary domiciliary managing custodial parent;
4. Both parents agree the children shall continue their religious training in the Catholic Church and parents shall *734 cooperate and facilitate the children’s education and practices of said religion.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that mutual and reciprocal preliminary injunctions issue herein, without bond, directed to both the plaintiff and the defendant, prohibiting them from harassing, abusing, threatening or otherwise bothering each other.
On October 1, 1987, Mr. Louque filed a contempt rule against Mrs. Louque.
The parties were divorced by judgment signed on January 27, 1988. Thereafter, Mrs. Louque married Chris Hunter.
On February 22, 1988, Mrs. Louque filed rules for an increase in child support and contempt against Mr. Louque which asserted, in pertinent part, as follows:
5.
Defendant-in-rule has violated the preliminary injunction which prohibits him from harassing, abusing, threatening or otherwise bothering plaintiff-in-rule by the following acts:
A. Defendant-in-rule has attempted to have plaintiff-in-rule arrested by the Livingston Parish Sheriffs Office by filing “criminal charges” against your plaintiff-in-rule, because she did not take the minor children to the defendant-in-rule’s church on her weekend visitations, in spite of the fact that the children did attend church with plaintiff-in-rule, and further, defendant-in-rule did in fact have plaintiff-in-rule’s present husband, CHRIS HUNTER, arrested for the same reason (said charges having been outright rejected by the District Attorney’s Office) even though CHRIS HUNTER was in no way involved with plaintiff-in-rule’s decision “not to take the minor children to defendant-in-rule's church on her weekend visitation”, and said arrests or attempted arrests were and are a constant source of serious harassment, humiliation and embarassment to plaintiff-in-rule and the children and in direct violation of the preliminary injunction issued by this court previously in the judgment of separation;
B. Plaintiff-in-rule further shows that the present provision number 4 on page 1 of the stipulated separation judgment is a violation of the U.S. and Louisiana Constitutions concerning “freedom of religion and the right to practice whatever religion you wish to”, and being that it is a violation of the Louisiana and U.S. Constitution, and as such has become a great source of harassment and aggravation for plaintiff-in-rule and her children as set forth above, and therefore, this provision should be removed or at least modified to comply with the U.S. and Louisiana constitution, and further that under provision E. Plan modification of the aforesaid judgment and joint custody plan of implementation, plaintiff seeks a judicial modification of the aforementioned plan since both parties do not appear to be able to reach a mutually agreeable modification with respect to their respective religious preferences, and that the joint custody plan should be amended and/or modified judicially to state that both parents agree that the children shall continue their religious training in both the Catholic and Baptist Church, the Baptist church being the religious preference of the mother/plaintiff-in-rule.
The prayer of Mrs. Louque’s rule asked for sanctions against Mr. Louque “to properly punish the defendant-in-rule for his willful violation of this court’s prior judgments”. After a trial, the district court rescinded the religious provision from the judgment and found both parties in contempt with the following rationale:
Upon reading the judgment and listening to the testimony, I would have to hold both of you in contempt for different reasons. Mrs. Hunter, I hold you in contempt for violating the religious provision number four. I don’t believe you facilitated the exercise [of] the children’s religion as was intended by that judgment. Mr. Louque, I hold you in contempt for harassment by having her and *735 Mr. Hunter, or attempting to have him arresting [sic] for violating that provision. I don’t think that that’s the appropriate remedy. The remedy is to file a civil rule for oentempt [sic] which you did. But to have him arrested, or police officers to go out to their home in front of the children, I think was highly uncalled for. But, I’m not going ot [sic] sentence either of you to contempts that you’re both in contempt.[2]
CONTEMPT
Mr. Louque contends the trial judge erred by holding him in contempt.
The purpose of Mrs. Louque’s contempt proceeding was to punish Mr. Louque. Since the object of the contempt proceeding was to punish Mr. Louque for disobeying the judgment of the court, this is a criminal contempt proceeding. State In the Interest of R.J.S., 493 So.2d 1199 (La.1986); Geo-Je’s Civic Association, Inc. v. Reed, 525 So.2d 192 (La.App. 1st Cir.1988). This issue cannot be raised in a civil appeal. Gordy v. Langner, 502 So.2d 583 (La.App. 3rd Cir.), writ denied, 503 So.2d 494 (La. 1987); Slaughter v. Slaughter, 499 So.2d 1123 (La.App. 3rd Cir.1986).
For these reasons, that portion of the appeal pertaining to Mr. Louque’s contempt conviction is dismissed.
MODIFICATION OF CUSTODY ORDER
Mr. Louque contends the trial court erred in deleting the religious provision from the custody order in the separation judgment because religion is an appropriate factor to consider as provided for in La.C.C. art. 146(C)(2)(b), and one of the children expressed his desire to attend the Catholic church in his testimony.
La.C.C. art. 146(C)(2) pertains to factors to consider in rebutting the presumption in favor of joint custody. The trial court did not change its order of joint custody; it only deleted the religion provision. Thus, La.C.C. art. 146(C)(2) is not controlling.
Pursuant to La.C.C. art. 146(E), any joint custody order may be terminated or modified upon petition of a parent if it is shown that the best interest of the child requires it. However, in this case the trial court did not change the award of joint custody; the trial court judgment specifically continues the award of joint custody in the parties. The judgment of the trial court did terminate the ancillary joint custody obligation pertaining to religious training and education. It is well settled that a trial court has much discretion in fashioning custody awards and that such a trial court judgment will not be disturbed on appeal unless there was an abuse of discretion. Cf. Stewart v. Stewart, 525 So.2d 218, 223 (La.App. 1st Cir.1988). After carefully reviewing the record, we find no abuse of discretion.
This assignment of error is without merit.
DECREE
For the foregoing reasons, the portion of the appeal pertaining to Mr. Louque’s contempt conviction is dismissed and the judgment of the trial court which deleted the religion provision from the custody order in the separation judgment is affirmed. The appellant is cast for the cost of this appeal.
APPEAL DISMISSED IN PART: AFFIRMED IN PART

. Although the trial court judge found the parties in contempt, she did not impose a sentence. La.C.C.P. art. 225(B) provides as follows:
If the person charged with contempt is found guilty the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed. (Emphasis added)
La.C.Cr.P. art. 24(D) provides as follows:
If the person charged with contempt is found guilty, the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with the contempt guilty thereof, and specifying the punishment imposed. (Emphasis added)