563 So.2d 1247 (1990)
SATSUMA PENTECOSTAL CHURCH
v.
Melton HARRIS, Jr.
No. CA 89 0944.
Court of Appeal of Louisiana, First Circuit.
June 26, 1990.
Tom Matheny, Hammond, for plaintiff.
Steven Y. Landry, Baton Rouge, James E. Kuhn, Denham Springs, for defendant.
Before EDWARDS, LANIER and FOIL, JJ.
EDWARDS, Judge.
This appeal is from a judgment rendered in two possessory actions; one was filed by plaintiffs and the second was filed by defendant as a reconventional demand. We amend the judgment, and as amended, affirm the judgment.
The plaintiffs, members and concerned worshippers of Satsuma Pentecostal Church (Church), an unincorporated association, filed a possessory action claiming that they had acquired the disputed property in 1935 and had possessed the property as owner since that time. The Church claimed that their possession had been disturbed by defendants.[1] The Church prayed *1248 for recognition of its possession and asked the trial court to order the defendants to assert their claim of ownership within sixty days of judgment in favor of plaintiffs or be precluded from so doing. The plaintiffs also filed a notice of lis pendens on June 16, 1980, in the records of Livingston Parish affecting the following described property:
Lot situated in Section 27, Township 6 South, Range 4 East, Parish of Livingston, State of Louisiana, on the western margin of the South Satsuma Road.
Defendant, Melton Harris, Jr., filed an answer and reconventional demand alleging that he had acquired the land by a "Sale with Assumption of Mortgage," dated November 10, 1977, and recorded in the records of Livingston Parish. Mr. Harris stated that he and his ancestors in title had been in possession of the property as owners since 1935. The possession was alleged to have been disturbed by the Church. The defendant, in his answer and reconventional demand, asked that (1) the Church's demand be dismissed; (2) the lis pendens be ordered cancelled; (3) Mr. Harris be recognized in his possession of the property; (4) damages be awarded for the disturbance; and (5) the Church be ordered "to assert any adverse claim of ownership of the property in a petitory action to be filed within sixty (60) days from the date of the judgment [in favor of Harris on the reconventional demand] becomes executory or be precluded thereafter from asserting the ownership thereof."[2]
After a trial on the merits, the trial court rendered the following judgment on the issues on appeal:
Upon hearing the evidence and after taking the matter under advisement, and considering the law and evidence to be in favor of the defendant, Melton Harris, Jr., in accordance with the Opinion rendered herein on December 7, 1988;
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the defendant, Melton Harris, Jr., and against the plaintiff, Satsuma Pentecostal Church, dismissing the plaintiff's demands;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Satsuma Pentecostal Church is granted a period of six (6) months from the date of this judgment in which to remove the building from the subject property, and, in default thereof, the building shall revert to the owner of the subject property, Melton Harris, Jr., and/or his heirs or successors in title[.]
Plaintiffs, the Church, were also cast for all costs of the proceedings.
The trial court, in its reasons for judgment, found that the Church had not possessed the property as owner and had used the property in dispute with the permission of the record owners. The trial court opined that the notice of lis pendens should be erased and cancelled and that the church building belonged to the Church. The Church was given time to remove the building "from [the] Harris property." The trial court stated that it did not feel that plaintiff in reconvention [had] satisfactorily proved any damages by defendants in reconvention (the Church)."
The Church, plaintiffs in the original possessory action, appealed the judgment and assigned error to the trial court's failure to find that the Church had possession. Defendant, Mr. Harris, answered the appeal and assigned the following errors:
1. Failure of the trial court to order the cancellation of the notice of lis pendens; and
2. Failure of the trial court to order the Church to assert their claim of ownership of the disputed immovable property in a petitory action within the prescribed allowed time period.
It is clear from the testimony of the members and representatives of the Church, the testimony of Mr. and Mrs. Harris, and the answers filed by the Church to interrogatories propounded by *1249 Mr. Harris that the Church used the property over the years with the permission of the owners and did not dispute the ownership or possession of the property until shortly before the original possessory action was filed in 1980.
LSA-C.C. art. 3437, 3438, 3439, and 3477 provide:
Art. 3437. Precarious possession.
The exercise of possession over a thing with the permission of or on behalf of the owner or possessor is precarious possession.
Art. 3438. Presumption of precariousness.
A precarious possessor, such as a lessee or a depositary, is presumed to possess for another although he may intend to possess for himself.
Art. 3439. Termination of precarious possession.
A co-owner, or his universal successor, commences to possess for himself when he demonstrates this intent by overt and unambiguous acts sufficient to give notice to his co-owner.
Any other precarious possessor, or his universal successor, commences to possess for himself when he gives actual notice of this intent to the person on whose behalf he is possessing.
Art. 3477. Precarious possessor; inability to prescribe.
Acquisitive prescription does not run in favor of a precarious possessor or his universal successor.
The Church had permission to use the property and was a precarious possessor. The Church did not notify Mr. Harris of the Church's intent to claim possession for themselves until Mr. E.J. Snelgrove, as a representative of the Church, objected to Mr. Harris's proposed sale of the property and asserted the Church's claim of ownership.
To maintain a possessory action, the party claiming possession must allege and prove "possession quietly and without interruption for more than one year immediately prior to the disturbance...." LSA-C.C.P. art. 3658(2). Because the Church was a precarious possessor, the type of possession necessary to support a possessory action did not begin until Mr. Harris was clearly notified that the Church claimed ownership and, therefore, intended to possess for themselves and not on behalf of Mr. Harris. See LSA-C.C. art. 3439. The notice to Mr. Harris was not provided until early in 1980 when Mr. Snelgrove voiced his objection and made a claim on the property for the Church. The possessory action was filed in April of 1980. Because the suit was filed less than a year from the date the claim was made by the Church, the time period required by LSA-C.C.P. art. 3658(2) was not met.
After a thorough review of the record, we find no manifest error in the trial court's findings. The trial court did not err by holding in favor of Mr. Harris and dismissing the plaintiff's demand.
Defendant, Mr. Harris, asks that the judgment be amended to include an order requiring the Clerk of Court to cancel the notice of lis pendens. In its reasons for judgment, the trial court found that the notice of lis pendens should be cancelled, but apparently the trial court inadvertently left this order out of the judgment.
Article 3753 of the Louisiana Code of Civil Procedure provides that "[w]hen judgment is rendered in the action or proceeding against the party who filed the notice of the pendency thereof, the judgment shall order cancellation of the notice at the expense of the party who filed it, and as part of the costs of the action or proceeding...." (emphasis added) Judgment was rendered against the party that filed the notice, the Church. Therefore, based on article 3753, the judgment must be amended to include an order for the cancellation of the notice of lis pendens.
Defendant also complains that the court failed to order the Church, as defendants in reconvention in Mr. Harris's possessory action, to assert any claim for ownership by a petitory action within the time allowed by LSA-C.C.P. art. 3662. However, the order proposed by Mr. Harris is based upon a prior judgment in favor of Mr. Harris, as plaintiff in reconvention in a possessory *1250 action. See LSA-C.C.P. art. 3662. The relevant part of article 3662 is as follows:
A judgment rendered for the plaintiff in a possessory action shall:
* * * * * *
(2) Order the defendant to assert his adverse claim of ownership of the immovable property or real right therein in a petitory action to be filed within a delay to be fixed by the court not to exceed sixty days after the date the judgment becomes executory, or be precluded thereafter from asserting the ownership thereof, if the plaintiff has prayed for such relief.... (emphasis added)
Mr. Harris did institute a possessory action through a reconventional demand. As to the ruling on the reconventional demand, the judgment does not contain a specific holding in favor of Mr. Harris and appears to be ambiguous. In the trial court's reasons for judgment, the trial court stated that the plaintiff in reconvention, Mr. Harris, did not prove the damages asked for in the reconventional demand. The trial court also expressed its opinion that the Church building belongs to the Church, but agreed to give the Church some time to remove it "from [the] Harris property."
Although the judgment does not mention the reconventional demand, it does contain the following provision:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Satsuma Pentecostal Church is granted a period of six (6) months from the date of this judgment in which to remove the building from the subject property, and, in default thereof, the building shall revert to the owner of the subject property, Melton Harris, Jr., and/or his heirs or successors in title; .... (emphasis added)
Principles of construction of judgments were provided by In re Clover Ridge Planting & Mfg. Co., 194 La. 77, 193 So. 468, 473 (1939), as follows:
[T]he judgment should be so construed as to give effect to every word and part of it and the effects and consequences which follow from its terms whether expressed or implied. It is also a well recognized principle that a judgment is read in the light of the pleadings.
In construing a judgment, reference should be made not only to the pleadings, but also to the reasons for judgment, the subject matter of the suit, and other matters of record in arriving at an interpretation consistent with the law and the facts presented. Geo-Je's Civic Association, Inc. v. Reed, 525 So.2d 192, 195-96 (La.App. 1st Cir.1988).
The reconventional demand filed was a possessory action. In the reconventional demand, the plaintiff in reconvention, Mr. Harris, prayed for:
1. Judgment in favor of Mr. Harris recognizing his possession and ordering defendant in reconvention, the Church, to surrender its claim of possession to Mr. Harris;
2. Damages caused by the disturbance of the Church, plus costs and legal interest; and
3. An order directed to the Church to assert any adverse claim of ownership within the allowed time period, or be precluded thereafter from asserting ownership.
The judgment clearly recognizes Mr. Harris as the owner of the property. This finding, when considered in conjunction with the subject matter of the reconventional demand, the prayer of Mr. Harris, and the portion of the judgment decreeing and ordering the Church to remove its building from the Harris property, necessarily means that the trial court found that Mr. Harris was in possession of the property. See LSA-C.C. arts. 3426 and 3438. See also Clayton v. Langston, 311 So.2d 74, 77 (La.App. 3d Cir.1975). The record supports such a finding.
After a review of the entire proceedings and application of the relevant principles of construction, we conclude that *1251 the trial court judgment ruled in favor of plaintiff in reconvention, recognized and maintained the possession of plaintiff in reconvention, and ordered the Church to surrender its possession by removing its building from the disputed property under the authority of LSA-C.C.P. art. 3662(1). The judgment is silent on Mr. Harris's claim for damages. Silence in a judgment as to any part of the demand is construed as a rejection of that demand. Day v. Warren, 524 So.2d 1383, 1385 n. 4 (La.App. 1st Cir.1988). This is supported by the finding in the trial court's reasons for judgment that damages had not been proved.
As previously discussed, LSA-C.C.P. art. 3662(2) specifies that when the plaintiff in a possessory action has been successful, the court shall order the defendant to assert his adverse claim of ownership in a petitory action, if the plaintiff has prayed for such relief. The plaintiff in reconvention did pray for the relief and, as we have concluded, was successful in his possessory action. Because the requirements of LSA-C.C.P. art. 3662(2) were met, the trial court erred by failing to order the Church to assert its claim of ownership. The judgment must be amended to include such an order.
LSA-C.C.P. art. 2164 allows the appellate court to "render any judgment which is just, legal, and proper upon the record on appeal." Based on the article 2164, the reasons stated above, and in the interest of judicial efficiency, we amend the judgment appealed by adding the following orders:
IT IS ORDERED that the Clerk of Court and ex officio recorder of conveyances and mortgages of Livingston Parish erase and cancel the notice of lis pendens filed on June 16, 1980, in COB 319, Page 188, and MOB 178, Page 405 of the records of Livingston Parish affecting the property described in said notice as the property upon which the Satsuma Pentecostal Church is located and more particularly described in the notice, as follows:
Lot situated in Section 27, Township 6 South, Page 4 East, Parish of Livingston, State of Louisiana, on the western margin of the South Satsuma Road.
IT IS ORDERED that the defendant in reconvention, the representatives of the Satsuma Pentecostal Church, assert their adverse claim of ownership of the immovable property in a petitory action to be filed within sixty days after the date this judgment becomes executory, or be precluded thereafter from asserting the ownership thereof.
As amended, the judgment is affirmed. All costs of these proceedings are assessed to plaintiffs, Satsuma Pentecostal Church.
AMENDED AND AFFIRMED.
NOTES
[1] Melton Harris and Warry Watts were made defendants in the original possessory action. Mr. Watts has not appealed the judgment.
[2] A third party demand was filed by Mr. Harris against the Barksdales, previous owners of the disputed property. The third party demand was dismissed. There is no appeal from this dismissal.