970 So.2d 642 (2007)
Kathy Bridges SUAZO
v.
Hermino SUAZO.
Nos. 2007 CU 0795, 2007 CW 1428.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
Writ Denied December 14, 2007.
Rehearing Denied October 31, 2007.
*645 Richard L. Ducote, Metairie, Counsel for Plaintiff/Appellant Kathy Bridges Suazo.
Frank R. Rathle, Thibodaux, Counsel for Defendant/Appellee Hermino Suazo.
Before: PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
Ms. Kathy Bridges Suazo appeals a judgment in which she was held in contempt of court for failing to permit her ex-husband, Dr. Herminio Suazo, to exercise physical custody of their minor child as previously ordered by the court. Among other decrees, the judgment also denied Ms. Suazo's motion to further limit Dr. Suazo's exercise of physical custody and granted Dr. Suazo increased exercise of physical custody at specified times. For the following reasons, we affirm the judgment of the trial court.
Ms. Suazo also filed a writ application to have this court overturn a trial court decision rendered on a motion to recuse, entered after the judgment before us on appeal was rendered, declining to recuse the trial judge. For the following reasons, we deny the writ.

PERTINENT FACTS AND PROCEDURAL HISTORY
Ms. Suazo and Dr. Suazo were divorced in June 1992, approximately five months after their only child, a daughter, was born. The parties were granted joint custody. After 1992, the trial court did not become involved in custody issues again until February 2005. Ms. Suazo moved to California with their daughter in 2004, and Dr. Suazo filed a rule seeking specified times to exercise physical custody of his child. He also sought to have Ms. Suazo held in contempt. These matters were resolved by consent decrees.
Subsequently, Dr. Suazo and Ms. Suazo filed cross-motions concerning visitation and contempt. These matters had been dismissed without prejudice pursuant to a consent judgment entered on August 8, 2006. On August 25, 2006, Dr. Suazo filed a motion re-urging a rule for contempt, for a change in custody, and for modification of the "visitation" schedule that had been previously set for August 8, 2006. He also prayed that Ms. Suazo be held in contempt of court for failing to afford him a chance to exercise physical custody of their child when she came to Louisiana on August 10 to attend a court-ordered counseling session, but returned to California the same day. On September 26, 2006, Ms. Suazo filed a motion for change of venue, change of custody or modification of "visitation," for payment of medical costs, and for contempt against Dr. Suazo for not paying one-half her airfare for their daughter's travel to Louisiana in April 2006.
These motions were heard on October 9, 2006.[1] Pertinently, the trial court entered judgment on October 31, 2006, that retained joint custody in both parents, denied Ms. Suazo's request for change in custody or modification of the exercise of physical custody, ordered specific, somewhat increased periods in which Dr. Suazo was to exercise physical custody of their child, ordered that the dates and times could not be changed without approval of the court, and held Ms. Suazo in contempt "for failing to permit [Dr. Suazo] to visit as previously ordered by the Court[.]"
Ms. Suazo now appeals, asserting two assignments of error, as follows:

*646 1. The trial court clearly erred as a matter of law in finding Ms. Suazo in contempt of court for missing two appointments with Dr. Robertson, and for failing to have [their daughter] in Louisiana for visitation on August 6, 2006, as this was a criminal contempt proceeding and [Ms.] Suazo was never provided notice of these two allegations of contempt. Furthermore, no proof of contempt beyond a reasonable doubt was established.
2. The trial court manifestly erred and abused its discretion in denying Ms. Suazo's motion for modification of visitation, and instead increasing [their daughter's] visits in Louisiana, even if they interrupt her school or extracurricular schedule.
Further, on June 15, 2007, over seven months after the judgment on appeal was rendered, while no proceedings were pending in the trial court, Ms. Suazo filed a motion to recuse the judge on grounds of bias. After a hearing on June 19, 2007, a different trial judge denied the motion to recuse. Ms. Suazo filed a writ application to have this ruling reversed. This court referred the writ to the panel considering the merits of this appeal.

DISCUSSION

Notice of Contempt Allegation
As a preliminary matter, we note that the judgment on appeal holds Ms. Suazo in contempt for only one actionfor failing to permit Dr. Suazo to exercise his physical custody of the minor child as previously ordered by the court. The judgment does not hold her in contempt for missing two appointments with a therapist, as Ms. Suazo suggests in her first assignment of error. Accordingly, there is nothing to appeal in this regard. We acknowledge that the trial court stated in an oral ruling that Ms. Suazo was being held in contempt for failing to attend these counseling sessions, but this decree was not included in the judgment. It is therefore not a part of the judgment of the court and is not subject to appeal.
Ms. Suazo argues in her first assignment of error that she did not get proper notice of the allegations of contempt against her in this criminal contempt matter. It is clear that the constructive contempt proceeding against Ms. Suazo was criminal in nature in that the court was seeking to punish Ms. Suazo for disobeying a court order. Billiot v. Billiot, 01-1298, p. 4 (La.1/25/02), 805 So.2d 1170, 1173. By contrast, in a civil contempt proceeding, the court seeks to force a person into compliance with a court order. Id.
Louisiana Code of Civil Procedure art. 225 A,[2] governing the procedure for punishing a person charged with contempt, requires that a rule for contempt "shall state the facts alleged to constitute the contempt." "One purpose of the requirement that the facts constituting the alleged contempt be stated in the rule to show cause is to ensure that the person charged with contempt is clearly apprised of the nature and cause of the accusation against him." Geo-Je's Civic Ass'n, Inc. v. Reed, 525 So.2d 192, 196 (La.App. 1 Cir.1988). The notice requirement of La.C.C.P. art. 225(A) is analogous to the indictment or bill of information required in criminal cases. "The primary purpose each serves is to put a defendant on notice as to the charges against him, so that he can properly *647 prepare a defense." Id., 525 So.2d at p. 198.
Dr. Suazo's motion for contempt at issue here alleged only the following regarding Ms. Suazo's contempt:
On August 10, 2006, Kathy Bridges Suazo appeared with her daughter at the first scheduled therapy session with Dr. Jeanne Robertson and promptly returned to California on the next plane out without affording Herminio Suazo any opportunity to visit with his child.
While this language may not set out the facts alleged to constitute Ms. Suazo's contempt in detail, we conclude that the notice was sufficient. The motion put Ms. Suazo on notice that she was accused of depriving him of the right to exercise physical custody of his child. The motion also put her on notice that he had expected to exercise this right on the specified date.[3] Further, she was on notice that a different alleged instance of contempt earlier in the year was the subject of the prior contempt motion that had been reset.
In State v. Lee, 00-2516, p. 8 (La.App. 4 Cir. 4/6/01), 787 So.2d 1020, 1028, the court concluded that a clear general allegation of prosecutorial misconduct put the contempt defendant "on notice as to the nature of the accusation against him and [that he] was able to defend against it." The court also concluded that when a complaint comes as no surprise, a contempt defendant is adequately informed of the charge against him. Id., 00-2516 at pp. 9-10, 787 So.2d at 1029. Accordingly, we conclude Ms. Suazo received sufficient notice to enable her counsel to prepare an adequate defense, which she did.
Additionally, we note that Ms. Suazo's counsel failed to object to the adequacy of the notice, if she felt that it was inadequate. In State v. Allen, 01-2494, p. 1 (La.6/21/02), 824 So.2d 344, 344, the supreme court held that by failing to allege that an indictment provides inadequate notice of the charge prior to trial, the defendant had waived the claim. The supreme court's rationale applies equally here in regard to the sufficiency of the notice afforded. See Geo-Je's, 525 So.2d at 198.
We therefore conclude that Ms. Suazo's assignment of error in this regard is without merit.

Sufficiency of the Evidence
Ms. Suazo also alleges in her first assignment of error that her contempt was not proven beyond a reasonable doubt. We disagree.
As the supreme court explained in Billiot, 01-1298 at p. 5, 805 So.2d at 1174, criminal contempt is a crime, and due process requires that a contempt defendant may not be convicted except on proof beyond a reasonable doubt of every fact necessary to prove the contempt charge. We review a finding of criminal contempt employing the Jackson[4] standard. State in the Interest of R.J.S., 493 So.2d 1199, 1202 (La.1986). The reviewing court must determine that the evidence, viewed in the light most favorable to the *648 prosecution, was sufficient for a rational trier of fact to conclude that every element of the crime of which the defendant was convicted was proved beyond a reasonable doubt. Id.
Here, we have concluded that Ms. Suazo received proper notice and that she was, therefore, under court order to have her daughter in Louisiana on August 6, 2006. As the trial court noted, she could have had the child in Louisiana on August 8, when she failed to appear for a court hearing. She could have left the child with her father on August 10, when they all appeared for a counseling session.
Ms. Suazo makes no allegation that Dr. Suazo agreed to postpone his exercise of physical custody. And the consent judgment entered into on August 8, 2006, does not change the July 18, 2005 judgment. Rather, the August 8, 2006 judgment provides that the July 18, 2005 judgment "shall remain in full force and effect."
Accordingly, it is clear that a rational finder of fact could find beyond a reasonable doubt that Ms. Suazo disobeyed the July 18, 2005 order of the court, as set forth in footnote 3, above. An additional element of criminal contempt that must be proven beyond a reasonable doubt, however, is willful disobedience of a lawful order of a court. R.J.S., 493 So.2d at 1203. See also La.C.Cr.P. art. 23(2). "[T]he act or refusal to act must be done with an intent to defy the authority of the court." R.J.S., 493 So.2d at 1203.
Here, the trial court made no specific finding that Ms. Suazo acted with an intent to defy the court's order. However, general criminal intent[5] is present when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2). "Though intent is a question of fact, it need not be proven as a fact. It may be inferred from the circumstances of the transaction." State v. LeBoeuf, 06-0153, p. 4 (La.App. 1 Cir. 9/15/06), 943 So.2d 1134, 1137, writ denied, 961 So.2d 1158 (La.8/15/07).
Here, the record in connection with the trial court's contempt finding shows that Ms. Suazo was properly notified pursuant to a court order and a letter from Dr. Suazo that she was to send her daughter to Dr. Suazo on August 6, 2006, for a two-week stay. She did not do so and made no showing that Dr. Suazo waived or delayed his right to exercise physical custody of his daughter. Ms. Suazo failed to appear for a scheduled August 8, 2006 contempt hearing for which she had received proper notice. This resulted in a consent decree that was entered into on August 8, 2006, in which she agreed to appear for counseling sessions, with the first session to be held August 10, 2006.
Ms. Suazo appeared for the first counseling session on Thursday, August 10, 2006, along with Dr. Suazo and their daughter. At the session, appointments were set with Ms. Suazo and their daughter on the next Monday and Tuesday. The parties discussed where Dr. Suazo would take their daughter to dinner that night and what movies she might like to see.
Yet when the session was over, while Dr. Suazo was waiting to move their *649 daughter's things to his car, Ms. Suazo and their daughter walked away. They walked a couple of blocks to Ms. Suazo's mother's waiting car, with Dr. Suazo scurrying after them. Ms. Suazo had bought round-trip tickets, and Ms. Suazo and their daughter returned to California that night. They did not return for the scheduled counseling sessions or to allow Dr. Suazo time with his daughter.
While Ms. Suazo claims she did not understand the order and that their daughter had to register for school on August 11, the trial court concluded that Ms. Suazo had "intentionally obstructed and frustrated the father's visitation." It further concluded that she was "hell bent on frustrating" Dr. Suazo's exercise of physical custody of his daughter.
Accordingly, we conclude from the evidence in the record that a rational trier of fact could find beyond reasonable doubt that Ms. Suazo intended to defy the authority of the court and was in willful disobedience of the court's order. Therefore, we will affirm the judgment of the trial court finding Ms. Suazo to be in contempt for failing to permit Dr. Suazo to exercise physical custody, as previously ordered by the court.
Ms. Suazo's first assignment of error is without merit.

Ms. Suazo's Motion to Modify
Ms. Suazo argues in her second assignment of error that the trial court erred in denying her motion to modify, which would have decreased or eliminated court-ordered contact between Dr. Suazo and their daughter. Ms. Suazo requests that we vacate the trial court's order slightly increasing Dr. Suazo's exercise of physical custody of their daughter and that we remand this matter to another judge for another hearing. She argues that the trial court's judgments were a "punitive response." Though there is no such decree in the record, she asserts the trial court disregarded a decree in a consent judgment that the parties would "abide by the recommendation of the therapist, Doreen Smith." She asserts that the trial court's reasons for denying her motion to modify legal and physical custody were because of its "obvious dislike for Ms. Suazo and his writing off [their daughter] as an `actress' who cannot be given any weight." Ms. Suazo concludes that the court's rulings extending Dr. Suazo's exercise of physical custody should be vacated and that this matter should be remanded to another judge because the trial court appears "intractably biased at this point."
In this regard, we first observe that nothing in the record other than Ms. Suazo's perspective suggests that the trial court acted punitively or was biased in its rulings. While it was appalled at some of Ms. Suazo's actions, the record reflects that the judge was zealous in protecting the best interest of the child. The trial court found that it was in the child's best interest for her to spend time with her father so that they might improve their relationship, and it fashioned a remedy to that end while respecting the child's life and success in California. Ms. Suazo disagrees, contending that the child should not spend time with her father unless the child wants to.
In addressing Ms. Suazo's contention that the trial court erred in denying her motion to modify, we first note that the trial court is vested with much discretion in deciding child custody cases. Martello v. Martello, 06-0594, p. 5 (La. App. 1 Cir. 3/23/07), 960 So.2d 186, 190. Because of the trial court's better opportunity to evaluate witnesses, and recognizing the proper allocation of trial and appellate court functions, we give great deference to *650 the decision of the trial court. Id. A trial court's determination regarding child custody will not be disturbed absent a clear abuse of discretion. Id.
In making these orders, the trial court found Ms. Suazo to be an evasive liar. It found that in a year-and-a-half, Dr. Suazo had not been able to satisfactorily spend time with his daughter in peace. It found that Ms. Suazo "intended to deliberately prevent Dr. Suazo from developing a relationship with his daughter."
Further, the trial court observed that "time is running out for Dr. Suazo to have whatever influence he would like to have in his daughter's life. It's as much for her as it is for him." (Emphasis added.) It also found that "Mrs. Suazo has gone to great lengths to destroy the father/daughter relationship that naturally exists between Dr. Suazo and [their daughter]."
Additionally, while Ms. Suazo argues that the trial court erred in failing to give the testimony of certain experts proper weight, a trial court may accept or reject in whole or in part the opinion expressed by any expert. Rao v. Rao, 05-0059, p. 14 (La.App. 1 Cir. 11/4/05), 927 So.2d 356, 365, writ denied, 925 So.2d 1232 (La.3/12/06). The effect and weight to be given expert testimony is within the broad discretion of the trial court. Id. Further, the rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony, unless the stated reasons of the expert are patently unsound. Id.
Under these circumstances, we cannot conclude that the trial court was manifestly erroneous or unsound in making its factual findings, which are supported by the record, even though Ms. Suazo suggests another view of the evidence. Therefore, we cannot conclude that the trial court abused its discretion in denying her motion to modify.

Dr. Suazo's Motion to Modify
Ms. Suazo also argues in her second assignment of error that we should vacate the trial court's orders granting Dr. Suazo's motion to modify and slightly increasing his exercise of physical custody of their daughter. She asks that we remand this matter to another judge for another hearing. We pretermit discussion of this assignment of error because the decrees are now moot.
Here, the trial court judgment set five different periods throughout 2006 and 2007 in which Dr. Suazo was to exercise physical custody of their child "without regard to school or extracurricular activities," the last of which was to conclude on August 9, 2007. The court further ordered that "the dates and times of this schedule are not to be changed without court approval."
An appeal of a judgment awarding custody does not suspend the execution of the judgment. La. C.C.P. art. 3943. Therefore, any opinion we render regarding these decrees would be an impermissible advisory opinion affording no practical relief. As the Louisiana Supreme Court instructed:
Courts may not decide cases that are moot, or where no justiciable controversy exists. An issue is "moot" where "it has been deprived of practical significance and made abstract or purely academic." In contrast, a justiciable controversy exists where there is an "`existing actual and substantial dispute . . . which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character.'" (Citations omitted.)
Suire v. Lafayette City-Parish Consol. Government, 04-1459, p. 24 (La.4/12/05), *651 907 So.2d 37, 55. Therefore, we do not render an opinion on decrees that expired on August 9 of this year. Ms. Suazo's second assignment of error is without merit.

Writ Application
On June 15, 2007, Ms. Suazo filed a motion to recuse the trial judge, making many of the same allegations she made on appeal. Ms. Suazo does not allege, and the record fails to show, that there were any pending proceedings in the trial court at the time.[6] She contends that she has endured both hardship and embarrassment because of the trial judge's personal dislike or bias towards her. Judge George J. Larke, Jr. conducted a hearing on the motion to recuse on June 19, 2007, wherein he denied Ms. Suazo's motion. Ms. Suazo then filed a writ application with this Court, which we now address.
In her writ application, Ms. Suazo maintains that Judge Arceneaux acted discourteously and insensitively towards her, calling her a "liar" and generally disregarding the sensitive and emotionally charged substance of her case. Ms. Suazo submits the trial judge's behavior and demeanor towards her has been inappropriate and constitutes grounds for his recusal.
Secondly, Ms. Suazo argues, as she did in her brief on appeal, that Judge Arceneaux unlawfully found her in contempt of court and is thus biased and cannot be fair and impartial.
Louisiana Code of Civil Procedure art. 151 B(5) provides that a judge may be recused when he "[i]s biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys to such an extent that he would be unable to conduct fair and impartial proceedings." The bias or prejudice is required to be of a substantial nature and based on more than conclusory allegations. Augman v. City of Morgan City, 03-0396, p. 3 (La.App. 1 Cir. 12/31/03), 864 So.2d 248, 249.
The provisions of La. C.C.P. art. 154 state, in relevant part: "If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc . . . for a hearing." Where the motion to recuse fails to enunciate valid grounds for recusation, the trial judge may overrule the motion without referring the matter to another judge. Augman, 03-0396 at pp. 3-4, 864 So.2d at 250.
A party desiring to recuse a judge of a district court shall file a written motion assigning the ground for recusation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156 for a hearing. La. C.C.P. art. 154.
According to the record, the motion to recuse was heard on June 19, 2007, by Judge George J. Larke, Jr. Judge Larke found that while the trial judge may have inappropriately used the term "liar" out of *652 frustration in connection with Ms. Suazo, such is not enough to show the trial judge is prejudiced. He concluded that the trial judge would be "fair and free of prejudice" for either party. Moreover, Judge Larke went on to state, "[W]hen parties refuse orders of the court, it can be very frustrating to the court, especially in custody matters that deal with children and the best interest of the child. When you've got one party who determines they know the best interest over the Court's. . . ."
One of the grounds for recusal recognized in the Code of Civil Procedure is when the trial judge "[I]s biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys to such an extent that he would be unable to conduct fair and impartial proceedings." La. C.C.P. art. 151(B)(5). Ms. Suazo contends that this ground for recusal existed during the trial of the instant case.
Based on the evidence before the court on the motion to recuse, Judge Larke found that Ms. Suazo failed to meet her burden of proving by a preponderance of the evidence that Judge Arceneaux was biased in favor of Dr. Suazo and against Ms. Suazo to such an extent that he would be unable to conduct fair and impartial proceedings. Our review of the record reveals no error in this finding. Therefore, Ms. Suazo's writ application will be denied.
Not only were the trial judge's actions proper and apparently warranted, we further observe and acknowledge that counsel for Ms. Suazo sets forth the same argument in his writ application as in the appellate brief he submitted to this Court regarding the appeal of this matter. We take offense and issue with the fact that in the documents submitted by counsel for Ms. Suazo, counsel distorted facts and implied that Judge Arceneaux engaged in illegal action, acted punitively, and was intractably biased. This Court admonishes counsel for this offensive, unprofessional behavior.

DECREE
For the foregoing reasons, we affirm the October 31, 2006 judgment of the trial court. We deny Ms. Suazo's writ application challenging the June 19, 2007 ruling on recusal of the trial judge. Costs of this appeal are assessed to Ms. Kathy Bridges Suazo.
AFFIRMED; WRIT DENIED.
KUHN, J., concurs and assigned reasons.
KUHN, J., concurring.
I write separately to caution courts and litigants of the obvious dangers to our system of justicethe use of a motion to recuse as a litigation tool in response to unfavorable rulings.
NOTES
[1] The motion for change of venue was severed from this hearing, to be reset at a later date.
[2] We begin our analysis under Article 225 of the Code of Civil Procedure because this criminal contempt proceeding arises from a civil action.
[3] On July 6, 2006, Dr. Suazo sent a letter to Ms. Suazo in compliance with the trial court's order of July 18, 2005, requesting Ms. Suazo to send their daughter to him on August 6, 2006, for a two-week stay. Ms. Suazo acknowledged receipt of the letter. The July 18, 2005 judgment required the following:

Summer: HERMINIO SUAZO will be allowed to exercise visitation two (2) non-consecutive two-week periods, providing thirty (30) day notice via certified mail. In the event that two (2) non-consecutive two (2) week periods are not available, then HERMINIO SUAZO will be allowed four (4) consecutive weeks, providing thirty (30) days notice via certified mail.
[4] Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[5] Louisiana Revised Statutes 14:11 provides as follows: "The definitions of some crimes require a specific criminal intent, while in others no intent is required. Some crimes consist merely of criminal negligence that produces criminal consequences. However, in the absence of qualifying provisions, the terms `intent' and `intentional' have reference to `general criminal intent.'"
[6] The issue of whether there must be a pending motion or other proceeding is not before us on review, so we do not discuss this issue. We note, however, that La. C.C.P. art. 154 requires that a motion to recuse be filed prior to trial or hearing unless grounds for recusal are discovered thereafter. The motion for recusal must be filed immediately after those facts are discovered, but prior to judgment.