DR. GERARD DILEO AND LINDA BARTELS DILEO
v.
CYNTHIA BARTELS FAWER.
No. 2007 CA 1772.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
DANE S. CIOLINO, Attorney for Defendant/Appellant, Michael S. Fawer.
VICTORIA LENNOX BARTELS, Attorney for Defendant/Appellant Joseph C. Bartels.
Before: GAIDRY, MCDONALD AND McCLENDON, JJ.
McDONALD, J.
This is an appeal of a judgment of constructive contempt against two attorneys who got into an altercation in the hallway outside of a courtroom. The two attorneys, Michael Fawer and Joseph Bartels, are brothers-in-law. Mr. Fawer is married to Mr. Bartels' sister, Cynthia. Mr. Fawer and Mr. Bartels were at the courthouse on May 14, 2007, for a hearing relating to a legal proceeding involving Mr. Fawer's wife and Mr. Bartels' sister and brother-in-law. They were not the attorneys of record in the case. They were standing in the hallway, along with other family members and some attorneys, when Mr. Fawer handed some documents to Mr. Bartels, after which the two men exchanged words and a physical altercation ensued.
The trial judge was notified of the incident, and he immediately ordered that both attorneys be arrested and brought before the Court. Mr. Fawer was brought into the courtroom and then placed in the adjacent holding cell. Mr. Bartels left the courthouse by ambulance and was taken to the hospital. That same afternoon, Mr. Fawer was released to the custody of an attorney, and Mr. Bartels' attorney advised the court that he was still in the hospital. Thereafter, both attorneys were ordered released from custody and were given a hearing date.
At the hearing, the trial court found that the incident was "apparently a continuation of some long standing family squabble." In its oral reasons for judgment, the trial court stated that "when you do some intentional act like that, if I find that it impairs the dignity and respect of the court for its authority, I'm going to find you in contempt, and that's exactly what I'm doing." The trial court found Mr. Fawer and Mr. Bartels both in constructive contempt of court for violating La. C.C.P. art. 224 (10), ordered each to pay a fine of $100.00 and to serve 24 hours in jail, with the jail sentence suspended, and ordered each attorney placed on probation for ninety days, with special conditions that they each perform four eight-hour days of court-approved community service and attend a court-approved anger management program. Mr. Fawer and Mr. Bartels each appealed from the judgment.
Mr. Bartels makes the following assignments of error:
1. The District Court erred in failing to afford constitutional due process to Appellant Joseph C. Bartels by failing to provide him with written notice of the charge against him as required by La. [C.C.P. art. 225].
2. The District Court erred in finding Appellant Joseph C. Bartels guilty of constructive contempt. The constructive contempt statute does not cover the conduct of Appellant Bartels.
Mr. Fawer makes the following assignment of error:
The district court erred by entering judgment against appellant Michael S. Fawer adjudicating him in constructive contempt of court.
Initially, we address Mr. Bartels' first assignment of error which raises the issue of written notice of the charge against him. Louisiana Code of Civil Procedure article 224 provides:
A constructive contempt of court is any contempt other than a direct one.
Any of the following acts constitutes a constructive contempt of court.
. . . .
(10) Any other act or omission punishable by law as a contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority, which is not a direct contempt.
Louisiana Code of Civil Procedure article 225(A) provides:
Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court's own motion or on motion of a party to the action or proceeding and shall state the facts alleged to constitute the contempt.. . . [A] certified copy of the motion, and of the rule to show cause, shall be served upon the person charged with contempt in the same manner as a subpoena at least forty-eight hours before the time for the trial of the rule.
The Louisiana Supreme Court analyzed La C.C.P. art. 225 in Lang v. Asten, Inc., XXXX-XXXX, p.3 (La. 1/13/06), 918 So.2d 453, 455, and found as follows:
Based on the language of La.Code of Civ. Proc. art. 225(A), this court has previously held that the requirement that the rule to show cause "shall state the facts alleged to constitute the contempt" is mandatory. Louisiana State Bd. of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640, 642 (La.1968). In England, this court noted that the requirements of La.Code of Civ. Proc. art. 225(A) "is intended to serve the additional purpose of clearly and fairly apprising the person charged of the nature and cause of the accusation against him." Id. The court went on to hold that the rule to show cause on the contempt charge must contain "sufficient particularity ... to enable the person charged to properly make his defense." Id. Thus, this court has interpreted La.Code of Civ. Proc. art. 225(A) to require that the person charged with contempt be given notice of the charges against him in the form of a formal rule to show cause, regardless of whether the contempt charge is raised by the opposing party or by the court on its own motion. Citing this court's decision in England, the Louisiana First Circuit Court of Appeal in Geo-Je's Civic Assist, Inc. v. Reed, 525 So.2d 192 (La.App. 1 Cir.1988), reversed a contempt judgment because the person charged with contempt never received the proper notice of the charges against him, as required by La.Code of Civ. Proc. art. 225(A).
There is nothing in the record to show that either Mr. Fawer or Mr. Bartels received the required notice of the specific acts they had committed in advance of the hearing so that they could prepare their defense as required by La. C.C.P. art. 225(A). Because Mr. Fawer and Mr. Bartels did not receive the required notice of the charges against them, we reverse the judgment finding them in constructive contempt of court.[1] Costs are assessed one-half against Mr. Fawer and one-half against Mr. Bartels. This memorandum opinion is issued in compliance with the Uniform Rules  Courts of Appeal, Rule 2-16.1.B.
REVERSED.
McCLENDON, J., concurs, and assigns reasons.
While I agree with the majority that the judgment of constructive contempt should be reversed, I would have remanded the matter to allow the trial court to issue the proper notice. Therefore, I respectfully concur.
NOTES
[1] The finding that this assignment of error has merit obviates the need to address the remaining assignments of error.