EDWARDS, Judge.
This is a defamation suit. Plaintiff, Frank Domino, appeals two adverse judg *1036 ments of the trial court which 1) dismissed his suit against two defendants, Paul Vella and Harry Gautier, on a motion for summary judgment and 2) dismissed the suit against defendant, Charles Russell Brow-nell, on a motion for summary judgment.
The present action arises out of the 1974 election for mayor of Morgan City in which Brownell defeated Domino. On October 16, 1974, during the campaign, a political ad purchased by a Charles Striplen appeared in the St, Mary Journal, a publication operated by Shoppers Weekly, Inc., in which Vella and Gautier are the officers and sole shareholders. The substance of the ad was that Domino had rented the city auditorium during a recent hurricane to store cars from his automobile dealership and had thereby prevented evacuees from using the auditorium as shelter.
Domino filed this suit against Striplen, contending that the ad was false and that it defamed him by portraying him as a greedy merchant without compassion for the misfortune of others. He obtained numerous depositions (which are contained in the record) and subsequently amended his petition to name various other defendants, including Vella, Gautier and Brownell. The amended petition alleges that the defendants were engaged in a conspiracy to defame Domino and that the ad was published under the fictitious name of Striplen as an act of this conspiracy.
Vella and Gautier filed a motion for summary judgment contending that damages, (if any), resulting from the ad are debts of Shoppers Weekly, Inc., the corporate defendant, and that they are immune from personal liability inasmuch as their only contact with the ad was in their capacity as corporate officers. The trial court agreed, granted summary judgment and dismissed the suit as to these defendants.
Brownell also filed a motion for summary judgment and attached supporting affidavits. He contends that he was not a part of a conspiracy to defame Domino, that he neither defamed Domino nor encouraged other defendants to do so, and that he had no knowledge of and did not consent to the ad prior to. its publication. The trial court found that there was no evidence to establish that Brownell was a part of a conspiracy and granted the summary judgment.
ON MOTION TO DISMISS THE APPEAL
Defendant, Brownell, filed a motion to dismiss plaintiff's appeal with respect to the judgment of the trial court which granted the motion for summary judgment in favor of Brownell. He contends that the oral order granting the appeal, as reflected in a minute entry filed in the record, is not sufficient to sustain an appeal and that a written, signed order of appeal is required.
This contention is incorrect. LSA-C.O.P. art. 2121 provides:
“An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment. “An order of appeal may be granted on oral motion in open court, on written motion, or on petition. This order shall show the return day of the appeal in the appellate court and shall provide the amount of security to be furnished, when the law requires the determination thereof by the court.
“When the order is granted, the clerk of court shall mail a notice of appeal to counsel of record of all other parties, to the respective appellate court, and to other parties not represented by counsel. The failure of the clerk to mail the notice does not affect the validity of the appeal.” (emphasis supplied)
Furthermore, an order of appeal is an interlocutory decree. LSA-C.C.P. art. 1841. There is no requirement that an interlocutory judgment be in writing or that it be signed by the trial court, rather it is sufficient for it to be entered in the minutes. Prejean v. Ortego, 262 So.2d 402 (La.App. 3rd Cir. 1972); Simon v. Lumbermens Mutual Casualty Company, 138 So.2d 465 (La.App. 3rd Cir. 1962).
Therefore the motion to dismiss is denied.
*1037 ON THE MERITS
Domino alleges that the trial court erred in maintaining the motions for summary judgment. He argues that the testimony in the depositions establishes that the defendants were each engaged in the alleged conspiracy and that they are liable for damages.
Summary judgment is not a substitute for trial on the merits and may be resorted to only when there is no genuine issue of material fact to be resolved. The mover bears the burden of showing that there is no material factual issue. All doubts are to be resolved against the granting of the summary judgment and in favor of trial on the merits. Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3rd Cir. 1966) writ refused, 249 La. 724, 190 So.2d 236 (1966).
In this case the threshold question involves a determination of whether or not these defendants in fact participated in the allegedly defamatory act or in the alleged conspiracy.
Domino’s assertion that Brownell is liable for defamation is based on the allegation that Brownell was a member of a conspiracy and that the ad was published in furtherance of the conspiracy. Brownell denies these allegations.
We have carefully examined the pleadings, depositions and affidavits in this matter and are unable to find any evidence or to draw any reasonable inference from the evidence to support Domino’s allegation that Brownell was a part of a conspiracy which published the political ad in question. There is nothing in the record to contradict Brownell’s affidavit which states that he did not participate in any way in the publication of the ad. We can only conclude, as did the trial judge, that no genuine material issue of fact is presented by the record. Absent a nexus between Brownell and the ad, summary judgment was correctly granted.[1] LSA-C.C.P. art. 966.
With respect to Vella and Gautier, the trial court found that there was no evidence to show that these two defendants were part of a conspiracy or that they participated in the alleged defamation other than by publishing the ad in their newspaper for a price in the regular course of business. We agree. However, their actions in publishing the newspaper are constitutionally protected under the First Amendment (freedom of the press).
The Supreme Court in Mashburn v. Collin, 355 So.2d 879 (La.1977), stated at pages 890-891: “In cases affecting the exercise of First Amendment liberties, proper summary judgment procedure is essential. . Summary adjudication may be thought of as a useful procedural tool and an effective screening device for avoiding the unnecessary harassment of defendants by unmeri-torious actions which threaten the free exercise of rights of speech and press.”
In Kidder v. Anderson, 354 So.2d 1306 (La.1978), the Supreme Court, quoting Judge Lottinger’s dissent in the First Circuit Court of Appeal decision (345 So.2d 922, 948), stated:
“* * * Where in the ordinary type of case he [plaintiff] could be successful in defeating the motion by only putting forth a minimum of evidence, here he confronts the guarantees of the First and Fourteenth Amendments, and thus stands the risk of the motion being successful if he cannot at this stage of the proceedings show that he can produce sufficient evidence on the trial that will prove with ‘convincing clarity’ the defendant’s malice. Stated another way ... he must come forth with strong evidence, convincingly clear evidence, that the defendant either knew the statements published were false or that he had reckless disregard of whether they were false or not. Otherwise, if plaintiff is allowed to escape summary judgment by simply a minimum showing, he has thus effectively invoked the ‘chilling effect’ of trial doctrine.”
*1038 Consequently, where a defendant has constitutionally protected First Amendment rights, a plaintiff carries a more difficult burden in defeating a motion for summary judgment.
Domino has not come forward with the required clear and convincing evidence that Vella and Gautier acted with malice (i. e. that they knew the statements in the ad were false or that they had a reckless disregard of whether the statements were false or not) to defeat the motion for summary judgment.
Accordingly, summary judgment was correctly granted in favor of these defendants. Kidder v. Anderson, supra; LSA-C.C.P. art. 966.
For the above reasons, the judgments appealed are affirmed at plaintiff’s cost.
AFFIRMED.

. We need not discuss Brownell’s constitutionally protected rights in view of the lack of proof that he had anything to do with the alleged defamation.