395 So.2d 730 (1981)
STATE of Louisiana
v.
Sherry E. LITTLETON.
No. 80KA1932.
Supreme Court of Louisiana.
March 2, 1981.
*731 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Sam A. Smith, Asst. Dist. Attys., for plaintiff-appellee.
Steven A. Hansen, Malcolm DeCelle, Jr., DeCelle & Hansen, West Monroe, for defendant-appellant.
ELLIS, Justice ad hoc.[*]
Defendant Sherry Littleton is charged by indictment with having committed the crime of perjury by giving false testimony before a grand jury on March 27, 1979. The false testimony she is alleged to have given is that during the late afternoon and evening of January 17, and the early morning of January 18, 1979, she was at home with her husband and children; that after the children were asleep, she and her husband quarrelled, that he struck her a couple of times, knocking her down; that she got a shotgun and, when he came towards her again, she shot and killed him, either accidentally or in self-defense.
Defendant was brought to trial before a jury of six on the perjury charge, found guilty and sentenced to serve five years at hard labor. She has appealed.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
Prior to trial, defendant filed a motion to recuse all five judges of the Fourth Judicial District, on the ground that three of them, including the trial judge herein, had presided over various related proceedings involving defendant and her sister, and that those three judges, together with the other two, had such knowledge of the facts of the case as to preclude their giving defendant a fair trial. The motion was denied by the trial judge, without referring it to another judge.
La.C.Cr.P. Art. 671 sets forth the grounds for recusation of a judge, in pertinent part, as follows:
"In a criminal case a judge of any court, trial or appellate, shall be recused when he:
"(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
* * * * * *
"(6) Would be unable, for any other reason, to conduct a fair and impartial trial."
La.C.Cr.P. Art. 674 provides in part:
"If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc, as provided in Article 675."
Defendant maintains that a "valid ground for recusation is set forth" and the *732 trial court erred therefore in failing to refer the motion for hearing to another judge.
This Court, however, has held, in State v. Lukefahr, 363 So.2d 661, 663 (La.1978):
"A motion to recuse a trial judge must be based on more than mere general conclusory allegations. State v. Bell, 346 So.2d 1090 (La.1977); State v. Maduell, 326 So.2d 820 (La.1976). State v. Collins, 288 So.2d 602 (La.1974). If the motion, on its face, does not show grounds to recuse even if the allegations are proved, the trial judge may overrule the motion without referring it to another judge. La.C. Cr.P. art. 674, State v. Bell and State v. Collins, cited above."
In State v. Bell, supra at 1100, the mere fact that the trial judge had served as judge at the defendant's first trial and had made unfavorable rulings was held insufficient to establish that the judge had developed bias or prejudice to such an extent that he would be unable to conduct a fair and impartial trial. State v. Navarre, 292 So.2d 210 (La.1974). In Bell as in the present case, the defendant failed to point out any particular words or conduct demonstrating bias or prejudice on the part of the trial judge. The Bell Court concluded that the trial judge was correct in dismissing the motion without referring it to another judge.
Furthermore, in State v. Manning, 380 So.2d 54, 58 (La.1980), this Court noted that although in a judge trial a preconception of the defendant's guilt is probably grounds for recusation, this is not necessarily so in a jury trial. State v. Wilson, 362 So.2d 536 (La.1978).
These assignments of error lack merit.
ASSIGNMENTS OF ERROR NOS. 3, 4, 5 AND 6
These assignments of error relate to the admissibility of certain evidence at the trial. The only witness who testified for the State was Winfred Chapple. He stated that, on the afternoon of January 17, 1979, at about dark, defendant and her sister came into the Flamingo Lounge, where Chapple worked. He testified that they had two or three drinks together, and that during that time defendant said that her husband was beating her a lot. After some time, they left the Flamingo and went to Sal's Saloon, where they shot some pool and had two, three or four drinks. After about an hour, they went to Scotland Yard, a discotheque. He testified that there was further discussion of John Littleton, defendant's husband, but that he could not recall who had said what, although both defendant and her sister had taken part in the conversation. Defendant objected to further testimony on the grounds that any remarks made by defendant's sister would be hearsay, and that any testimony elicited might tend to prove a conspiracy to commit murder, which would be inadmissible since the State had stated in pretrial discovery that it would introduce no evidence of other crimes. The objections were overruled.
The witness then testified that defendant said she was afraid to leave her husband because she feared losing her children. He was asked to shoot Littleton, but could not remember by whom, and he refused.
At Scotland Yard, defendant and her sister entered a wet T-shirt contest, and they all had three or four more drinks. The contest lasted 30 minutes to an hour, after which the group went to pick up defendant's car at the Flamingo, and then went to the parking lot of 7-11 store. Chapple testified that at defendant's request he struck her on each side of her face with his palm and the back of his hand, three or four times, so as to make it appear that she had been beaten. He then left defendant and her sister. The witness later testified that it was between 11 and 12 o'clock at night when they left the Flamingo to go to the 7-11.
Clearly, Chapple's testimony contradicted defendant's sworn testimony before the grand jury in a number of respects. It tended to show that defendant was not at home on the late afternoon and evening of January 17, contrary to her statement to the grand jury. It further tended to show that the shooting of her husband was premeditated, rather than accidental or in selfdefense, *733 once again contrary to her grand jury testimony.
Chapple's testimony relative to defendant's whereabouts on the evening of January 17 is his own direct testimony and not hearsay. His testimony relative to the discussions about shooting defendant's husband is also admissible because it does not assert the truthfulness of what was said by defendant or her sister, but rather that the remarks were, in fact, made. Any such evidence which tends to show that defendant wilfully and knowingly lied under oath should be admissible in a perjury prosecution, and the words and conduct of the defendant tending to make that proof are relevant and admissible.
Defendant further argues that Chapple's testimony relative to the discussion of the murder of defendant's husband is inadmissible, since it constitutes evidence of another crime, conspiracy to commit first degree murder, and no notice was given defendant by the prosecution that evidence of another crime was to be used. State v. Prieur, 277 So.2d 126 (La.1973). However, in cases in which evidence of another crime is part of the proof necessary to establish the elements of the crime charged, no such notice is necessary. State v. Hatcher, 372 So.2d 1024 (La.1979).
Since we find no merit in defendant's assignments of error, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judges Ellis, Cole and Watkins of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Watson, and Lemmon.