400 So.2d 736 (1981)
James Louis CRAWFORD, Plaintiff-Appellee,
v.
Betty Jo R. CRAWFORD, Defendant-Appellant.
No. 8239.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
Rehearing Denied July 21, 1981.
Edward Larvadain, Jr., Alexandria, for defendant-appellant.
John P. Navarre, Oakdale, for plaintiff-appellee.
Before GUIDRY, FORET and CUTRER, JJ.
CUTRER, Judge.
This is an appeal from a default judgment of divorce granted to plaintiff. Plaintiff's petition for divorce was filed in Allen Parish on June 9, 1980. The ground for divorce was that plaintiff and defendant had been living separate and apart for one year. Subsequently, declinatory exceptions of improper venue and lack of jurisdiction were filed by the defendant on June 13, 1980 and September 19, 1980, respectively.
The defendant alleged in the exceptions that plaintiff was not domiciled in Allen Parish but was domiciled in Rapides Parish. Defendant also contends that a separation suit was pending in Rapides Parish and that a judgment for alimony pendente lite in the amount of $350.00 had been granted by that court. A preliminary default by plaintiff was entered on September 23, 1980. That default was confirmed on September 29, 1980. The record is void of any disposition of the exceptions. The defendant appeals. We reverse and set aside the judgment of the trial court and remand the case for further proceedings.
Defendant contends that the judgment of default is void because he was not given notice, as he requested, of the trial court's ruling on the exceptions in accordance with LSA-C.C.P. art. 1914. We find no indication that any such ruling was ever made *737 and the judgment must be reversed for the reasons set forth herein.
The following articles of our Code of Civil Procedure are pertinent to the matter presented herein:
"Art. 929. Time of trial of exceptions.

"The declinatory exception, the dilatory exception and the peremptory exception when pleaded before answer, shall be tried and decided in advance of the trial of the case.

* * *"
"Art. 1001. Delay for answering.
"A defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law.

"When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within ten days after the exception is overruled or referred to the merits, or ten days after service of the amended petition.
"The court may grant additional time for answering."
"Art. 1701. Judgment by default.
"If a defendant in the principal or incidental action fails to answer within the time prescribed by law, judgment by default may be rendered against him. This judgment must by obtained upon motion in open court, but shall consist merely of an entry in the minutes of the court."
"Art. 1702. Confirmation of default judgment.

"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.

* * *"
It is clear from a reading of these articles that the filing of a declinatory exception extends the time allowed for a defendant to answer until ten days after the disposition of the exception. It then follows that when no such disposition has been made the time allowed for answering has not elapsed and no default judgment may be entered.
This is supported by the decision of Cobb v. Coleman Oldsmobile, Inc., 346 So.2d 831 (La.App. 1st Cir. 1977), writ den., 349 So.2d 1269 (La.1977). That case deals with a preemptory exception which was filed subsequent to the entry of a preliminary default. The court found that since a peremptory exception could be raised at any point in the proceeding, it was properly before the court and went on the say, at page 833, that:
"... the only pleadings which operate as a bar to a default judgment are an answer, which necessitates a trial on the merits, and an exception which extends the time for answering until after the exception has been disposed of.

* * * * * *
"Since the exception has not yet been disposed of by the trial court, the delay for answering has not yet expired, and, under Article 1707, supra, the default judgment could not be legally confirmed."
The declinatory exceptions herein were filed prior to the entry of the preliminary default and so were properly before the trial court. Since the record reflects no disposition of these exceptions the default judgment was improvidently granted.
We do not reach the merits of the exceptions in this opinion.
For the above reasons the judgment of the trial court is reversed and set aside and this suit is remanded to the trial court for further proceedings in accordance with law and the views expressed herein. The costs of this appeal are assessed to plaintiff-appellee.
REVERSED AND REMANDED.