FORET, Judge.
Plaintiff, Elton Deville, appeals the trial court’s denial of the confirmation of a default judgment against defendant, The Orleans Oil Company of Lafayette, Louisiana. Plaintiff’s original petition was filed on April 7, 1983, and served on the defendant on April 11, 1983. On April 25, 1983, in response to plaintiff’s original petition, defendant filed a dilatory exception of vagueness which was not heard and overruled until June 14, 1983. Prior to the disposition of defendant’s dilatory exception, plaintiff obtained a preliminary default. This was on May 16, 1983. On May 20, 1983, plaintiff attempted to confirm the default but the trial court denied plaintiff’s motion for confirmation of the default judgment. From this denial the plaintiff appeals.
The sole issue in this case is whether the trial court properly denied plaintiff’s motion for confirmation of a default judgment.
In Crawford v. Crawford, 400 So.2d 736 (La.App. 3 Cir.1981), we examined the relevant articles of the Code of Civil Proce *421 dure[1] and concluded that the filing of a declinatory exception extends the time allowed for defendant to answer until ten days after the disposition of the exception, and that when no such disposition has been made, the time allowed for answering has not elapsed and no default judgment may be entered. The same result is reached with respect to the dilatory exception since the pertinent articles make no distinction between the declinatory and dilatory exceptions in this regard.
In the instant case, defendant timely filed a dilatory exception of vagueness. Before this exception was disposed of by the court, plaintiff attempted to confirm a default judgment. The trial court properly denied plaintiff’s motion for confirmation of the default.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. LSA-C.C.P. Articles 929, 1001, 1701, 1702.