KING, Judge.
The sole issue presented by this appeal is whether or not the trial court erred in setting aside a default judgment.
Plaintiff, David Laird, filed suit against the defendant, Houssiere Properties, seeking to have a prior default judgment rendered in favor of defendant and against him declared null and void and set aside. After a hearing, the trial court rendered judgment in favor of the plaintiff and against defendant setting aside the default judgment. The defendant appeals. We affirm.
FACTS
The facts are simple and not in dispute. Houssiere Properties (hereinafter Houssi-ere) filed suit on May 2,1985 against David Laird (hereinafter Laird), a domiciliary of Texas, and others. Houssiere claimed Laird owed it $222,400.00 for rental payments due under a lease agreement. Houssiere attempted to obtain in personam jurisdiction over Laird by appointment of and service on a Curator Ad Hoc. On June 7, 1985, Laird filed a peremptory exception of lack of jurisdiction and a declinatory *1266 exception of insufficiency of service of process. On June 24, 1985, Houssiere filed an amended petition alleging that its claim against Laird arose out of his doing business in the State of Louisiana and made service of the suit upon Laird under the provisions of the Louisiana Long Arm Statute, LSA-R.S. 13:3201 et seq. Laird failed to answer the amended suit. On December 10, 1985, Houssiere entered a preliminary default judgment against Laird. On December 13, 1985, the trial court held a hearing and overruled Laird’s exceptions, for the reason that the lack of jurisdiction and insufficiency of service of process had been cured by service of process on Laird, pursuant to La.R.S. 13:3201, et seq, and the exceptions were moot. On the same day, December 13, 1985, the trial court confirmed the preliminary default judgment and granted a money judgment in favor of Houssiere and against Laird.
On June 3, 1987, Laird filed a rule to show cause against Houssiere attacking the judgment rendered on December 13, 1985 as being null and void on the ground that the preliminary default judgment was entered prematurely.[1] On June 30, 1987, a hearing was held and the trial court rendered judgment setting aside the default judgment confirmed on December 13, 1985 in favor of Houssiere and against Laird. Houssiere timely appeals.
It is well settled that any confirmation of a default judgment obtained without entry of a valid preliminary default judgment is an absolute nullity. Glessner v. Hyatt, 380 So.2d 222 (La.App. 3 Cir.1980); Davis v. Tele-Total, Inc., 465 So.2d 948 (La.App. 2 Cir.1985).
Laird filed exceptions in the suit against him prior to the entry of the preliminary default judgment against him. The filing of these exceptions extended the time allowed for Laird to file an answer until ten days after the disposition of the exceptions. See Deville v. Orleans Oil Company of Lafayette, La., 454 So.2d 420 (La.App. 3 Cir.1984); Crawford v. Crawford, 400 So.2d 736 (La.App. 3 Cir.1981).
The record reveals that Laird’s exceptions to Houssiere’s suit were not ruled upon until December 13, 1985, three days after the entry of the preliminary default judgment. This was also the same date on which the trial court confirmed the preliminary default judgment previously entered in the suit by Houssiere against Laird.
Under LSA-C.C.P. Art. 1701 a preliminary default judgment cannot be entered until after the defendant fails to answer within the time prescribed by law. As Laird’s time for answering the suit had not elapsed at the time the preliminary default judgment was entered, the trial court was correct in holding that Houssi-ere’s entry of the preliminary default judgment against Laird was premature and therefore invalid. For this reason the judgment rendered on confirmation of the default judgment was also invalid. We find that the judgment of the trial court setting aside the confirmation of the default judgment was correct.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are taxed to defendant-appellant.
AFFIRMED.

. The rule was brought in the original suit in which the judgment was rendered in favor of Houssiere and against Laird. No objection was made to the use of summary proceeding to directly attack the judgment.