864 So.2d 248 (2003)
John AUGMAN
v.
CITY OF MORGAN CITY, Morgan City Police Department, Former Chief of Police "Unknown," Officer Betty Augman, Officer James Richard, Detective Gilbert Blanchard, ABC Insurance Co., Morgan City Fire Department and Fire Chief L. Parker, Jr.
No. 2003 CA 0396.
Court of Appeal of Louisiana, First Circuit.
December 31, 2003.
Rehearing Denied February 9, 2004.
John Augman, Allen Correctional Center, Kinder, Plaintiff/Appellant, pro se.
Arthur I. Robison, Lafayette, Counsel for Defendants/Appellees City of Morgan City, Officer James Richard, Officer Betty Augman, and Detective Gilbert Blanchard.
Before: FOIL, FITZSIMMONS, and GAIDRY, JJ.
FITZSIMMONS, J.
Petitioner/appellant, John G. Augman (Augman), appeals the district court's grant of summary judgment dismissing his discrimination claim in favor of the City of Morgan City, Officer James Richard, Officer Betty Augman, Detective Gilbert *249 Blanchard, L. Parker, and Morgan City Fire Department (appellees are collectively referred to as "City"). Due to the trial court's failure to address an outstanding motion to recuse, this court vacates the grant of summary judgment and remands the case to the trial court.
Augman's petition alleged that his civil rights had been violated by the Morgan City Police Department. The City filed a motion for summary judgment, which was granted by the district court. In Augman's appeal from the grant of summary judgment, he raises, among other issues, the failure of the court to rule on plaintiff's motion to recuse the trial judge prior to acting on defendant's motion for summary judgment.
On October 24, 2002, Augman filed a motion to recuse the trial judge. In said motion, Augman alleged that the trial judge should be recused because: (1) the trial judge had presided over a criminal case involving petitioner in a previous trial, and evidence from that case was submitted as evidence in the instant case; (2) the trial judge might be called as a witness in the instant case, "specifically his testimony will be relevant to whether defendant James Richard perjured himself in the prior criminal trial"; (3) the trial judge had made an unfavorable ruling regarding the lack of merit of newly presented evidence to reverse the criminal case; (4) the trial judge had been biased against the petitioner in a prior criminal proceeding; and (5) the trial judge showed bias and exhibited acts of misconduct in the instant civil matter.
Augman asserted in his motion to recuse that he had hand-delivered a motion for default judgment to the trial judge on September 30, 2002. The trial judge allegedly demonstrated bias when he withheld filing the document for a default judgment into the record, notwithstanding his prior promise to Augman that he would "enter" it and deliver the judgment to the clerk of court.[1] At the end of the motion to recuse appeared the following handwritten sentence: "Request for trial on Motion." Thereafter, on October 31, 2002, Augman also filed an order to be signed by the judge setting a date for a hearing on the motion to recuse.
Grounds for recusal are expressly delineated in La. C.C.P. art. 151. Pertinent to Augman's claim on appeal, La. C.C.P. art. 151 B(5) states: "A judge of any court, trial or appellate, may be recused when he ... [i]s biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys to such an extent that he would be unable to conduct fair and impartial proceedings." The bias or prejudice is required to be of a substantial nature and based on more than conclusory allegations. Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc., XXXX-XXXX, XXXX-XXXX, p. 15 (La.App. 1 Cir. 9/28/01), 809 So.2d 1040, 1050 (citing Couvillion v. Couvillon, 2000-143, p. 9 (La. App 5 Cir. 9/26/00), 769 So.2d 747, 753, writ denied, XXXX-XXXX (La.1/12/01), 781 So.2d 562). Where the alleged bias or prejudice emanates from testimony and evidence set forth in the proceedings, the bias or prejudice is not of an "extrajudicial nature," as is required to merit recusal. State v. Williams, 601 So.2d 1374, 1375 (La.1992) (citing United States v. Grinnell Corporation, 384 U.S. 563, 583, 86 S.Ct. *250 1698, 1710, 16 L.Ed.2d 778 (1966)).[2]
The provisions of La. C.C.P. art. 154 state in relevant part: "If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc ...." It has been jurisprudentially established that where the motion to recuse fails to enunciate valid grounds for recusation, the district judge may overrule the motion without referring the matter to another judge. See State v. Littleton, 395 So.2d 730, 732 (La.1981) In the case at hand, however, the order to set a date for a hearing was never acted on by the judge. Moreover, there is no reflection in the minutes that the motion was ever addressed by the court.[3] On November 12, 2002, the trial judge heard arguments on the City's motion for summary judgment of the instant civil matter. He signed a judgment granting the motion for summary judgment in favor of the City on November 18, 2002.
Irrespective of the ultimate merits of Augman's claim, Augman's assertions of bias required the court to take some responsive action on the motion to recuse prior to proceeding further with substantive issues in the case. Accordingly, this court has no alternative but to vacate the trial court's subsequent grant of summary judgment and to remand the matter to the trial court to address the extant motion to recuse. Attention to the remaining issues asserted in this appeal is deferred. All costs associated with this appeal, in the sum of $565.00, are assessed to the City of Morgan City.
VACATED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] On October 8, 2002, the trial judge denied the default judgment on the basis that an answer had been filed. The record reflects that an answer was filed into the court record by the City on October 10, 2002.
[2] Although the court in State v. Williams cites La. Cr.C. art. 674, the pertinent portion of that article parallels the language expressed in La. C.C.P. art. 154.
[3] A judgment denying a motion for recusation is interlocutory in nature and may be appealed only upon a showing of irreparable injury. La. C.C.P. art.2083; Schwing v. Dunlap, 125 La. 677, 51 So. 684, 685 (1910); LeBlanc v. LeBlanc, 451 So.2d 1279, 1280 (La.App. 3rd Cir.1984). There is no requirement that an interlocutory judgment be in writing, as it is sufficient for it to be entered into the minutes of the court. Domino v. Striplen, 366 So.2d 1035, 1036 (La.App. 1st Cir.), writ denied, 369 So.2d 457 (La.1979).