|, STEWART, J.
At issue in this appeal is the validity of a default judgment. Because the default judgment in this case was not properly confirmed, the judgment is vacated and *850 the case is remanded for further proceedings.
FACTS
The procedural issues presented by this appeal arise from a January 2003 lawsuit in which the plaintiff, David Andrew Hicks, claimed a privilege under the Private Works Act, as well as breach of contract, in connection with construction of a house in West Monroe, Louisiana. Plaintiff entered a preliminary default against defendants, Steve R. Reich, Inc., and Steve R. Reich d/b/a Reich Builders, on February 20, 2003. Without filing an answer, defendant, Steve R. Reich, Inc., subsequently filed an exception of no right of action; the other defendant, Steve R. Reich d/b/a Reich Builders, also without filing an answer, filed an exception of no cause of action. However, neither of the exceptions included a proposed order requesting the matter to be fixed for a hearing as required by Louisiana District Court Rule 9.8 or a supporting memorandum to the exceptions as required by Louisiana District Court Rule 9.9. After a letter from plaintiffs counsel to defendants’ counsel failed to prompt compliance with the rules, plaintiffs counsel filed a motion to strike the exceptions on April 21, 2003. The next day, the trial court signed an ex parte order striking the exceptions.
On May 6, 2003, the trial court confirmed the default judgment in favor of the plaintiff against both defendants in the sum of $6,927.04 plus judicial interest and costs. The judgment also ordered the release to the | ¡.plaintiff of $5,770.67 that had been placed in the registry of the court. The judgment recited that more than 15 days had elapsed since the date of service of the suit and citation upon the defendants, that a preliminary default had been regularly entered, and that more than two clear days had elapsed since the entry of the default judgment. The judgment also recited that the court had considered the law and the evidence presented by the plaintiff on May 6, 2002.[1]
After notice of the confirmation of the default judgment was sent to defendants on May 9, 2003, they filed a motion to set aside the judgment and, alternatively, motion for new trial, on May 19, 2003. This was opposed by the plaintiffs. Defendants argued that they were deprived of due process because they received no notice of a hearing on the motion to strike the exceptions, and received no notice of an order to submit a memo in opposition to the motion to strike. They also argued that the order striking the exceptions was rendered ex parte even though a hearing was required under the provisions of La. C.C.P. art. 964 which addresses matters that may be struck from pleadings.
On July 23, 2003, the motion to set aside the default judgment and alternative motion for new trial were taken up and argued before the trial court. The parties declined to have the proceedings recorded by a court reporter, so there is no transcript of these proceedings in the appellate |srecord. Subsequently, the trial court signed a judgment denying both the motion to set aside and the motion for new trial. This appeal followed.
DISCUSSION ■
On appeal, the defendants have raised three assignments of error. In the *851 first assignment of error, they contend that a certified letter was not mailed to counsel of record at least seven days, exclusive of holidays, before confirmation of the default judgment. The second and third assignments of error pertain to the use of an improper procedure to strike the exceptions and the failure to make a prima facie case in support of the default judgment. Because we find merit in the first assignment of error, we need not address the second and third assignments of error.
The provisions of La. C.C.P. art. 1702(A) state:
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.
As previously noted, the judgment stated that more than 15 days had elapsed since the date of service of the suit and citation upon the defendants, that a preliminary default was regularly entered, and that more than two clear days had elapsed since the entry of the preliminary default. However, the judgment did not indicate that notice of the date of the entry of the preliminary default was sent by certified mail to counsel for the defendants [4at least seven days, exclusive of holidays, before confirmation of the judgment of default as required by La. C.C.P. art. 1702(A). Instead, the record indicates that no such notice was sent.
Defendants argue that because they made an appearance of record in the case, they were entitled to notice as provided in La. C.C.P. art 1702(A). However, plaintiff asserts that the defendants waived this issue and are precluded from raising it on appeal, because they did not raise it before the trial court in their motion for new trial. Plaintiff also asserts that the issue has no merit because the defendants did not make an appearance of record as required by Article 1702. Plaintiff equates the striking of the exceptions from the record with striking the appearance of counsel. It is plaintiffs belief that because the exceptions were stricken from the record, Article 1702(A) regarding service on counsel is inapplicable. We disagree.
First, there is no requirement in the law that a party must raise an issue pursuant to a motion for new trial or else waive the issue for purposes of appeal. A party may elect to seek relief from the trial court through a motion for new trial if the party concludes that the trial court may be willing to grant such relief for the reasons given in support of the motion. However, a party instead may elect to proceed directly to the appeal.
Second, we conclude that the striking of the exceptions is not the equivalent of the striking of the appearance on the record of defendants through counsel. Official Revision Comment (b) to the 2001 amendments to Article 1702 states:
“Appearance of record” is intended to have the same meaning as in Article 1671, and include filing a pleading such as any 15one or more of the exceptions, appearing at a hearing, and formally enrolling as counsel of record. See the 1997 Comment to Article 1671.
*852 In turn, the 1997 comment to Article 1671 states in pertinent part:
Appearance of record includes filing a pleading, appearing at a hearing, and formally enrolling as counsel of record.
A motion to strike is a means of clearing up the pleadings, not a means of eliminating causes of action or substantive allegations. Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp., 01-0345 (La.App. 3d Cir.6/20/01), 790 So.2d 93. Furthermore, the provisions of La. C.C.P. art. 1702(A) requiring notice prior to confirmation of default were added by amendment in 2001. The Official Revision Comment regarding that addition states:
The purpose of the 2001 amendment to this Article is to conform default procedure to the rationale set forth in Russell v. Illinois Central Gulf Railroad, 686 So.2d 817 (La.1997), that it is an “ill practice” to confirm a judgment of default, without notice, against a party that has already filed pleadings constituting an appearance of record in the litigation proceedings.
As provided in La. C.C.P. art. 852, pleadings allowed in civil actions consist of “petitions, exceptions, written motions, and answers.” Because the defendants herein had filed exceptions to the plaintiffs petition, an appearance of record had been made. The fact that the exceptions were struck on the technical grounds that they were not accompanied by an order does not erase the fact that an appearance of record was made. By filing the exceptions, the defendants made an appearance of record for purposes of La. C.C.P. art. 1702. The defendant’s appearance demonstrated in a formal way that they intended to litigate the rights of the parties. This appearance | fiof record was not erased by the striking which ordinarily would merely have been a method for bringing about the defendants’ compliance with the Rules for Louisiana District Courts.
After the striking of the exceptions, the plaintiffs preliminary default was still valid, and the striking of the defendants’ exceptions removed a procedural barrier to the plaintiffs ability to confirm the default. Compare Deville v. Orleans Oil Company of Lafayette, La., 454 So.2d 420 (La.App. 3d Cir.1984). Furthermore, the striking of the exceptions also arguably made inapplicable the requirement in La. C.C.P. art. 1001 that a defendant be given an additional 10 days in which to file an answer after an exception is overruled. However, for the reasons set forth above, the striking of the exceptions did not erase the plaintiffs obligation to refrain from confirming the judgment of default without notice to the defendants who had filed pleadings constituting an appearance of record. This conclusion is in harmony with the provisions of La. C.C.P. art. 5051 which state that the articles of the Code of Civil Procedure are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.
CONCLUSION
For the reasons set forth above, the default judgment herein is vacated at ap-pellee’s cost, and this matter is remanded to the district court for further proceedings.
VACATED AND REMANDED.

. The court obviously meant May 6, 2003. We also note that the minutes of court for May 6, 2003, do not indicate the presence of the plaintiff, but simply indicate "Default confirmed.” There is no transcript of a hearing, but there are exhibits, including invoices and receipts, indicating a hearing occurred. However, the record contains no clerk’s certificate as required by District Court Rule 9.19.