STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-1340


DONALD DEWAYNE ZENO

VERSUS

BATINA MARIE ZENO


**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 03-6037
HONORABLE GUY E. BRADBERRY, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.


VACATED AND REMANDED.


Mark Wegener
Chaisson Law Office
1109 Pithon Street
Lake Charles, LA 70601
(337) 436-5297
Counsel for Plaintiff/Appellee
        Donald Dewayne Zeno

**M. Steven Beverung**
**Book & Beverung**
**620 Esplanade, Suite 103**
**Lake Charles, LA 70607-6363**
**(337) 478-8706**
**Counsel for Defendant/Appellant**
  **Batina Marie Zeno**

GREMILLION, Judge.

In this case, the defendant-appellant, Batina Marie Zeno, appeals the trial court's judgment granting the plaintiff-appellee, Donald Dewayne Zeno, a divorce. For the following reasons, we vacate the divorce judgment and remand to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Donald filed for divorce on November 10, 2003. On January 8, 2004, Donald filed a handwritten request that Batina be served at an address in Houston, Texas. A notation in the record indicates that on January 21, 2004, Tena Williams, the Deputy Domestic Clerk, noted a telephone conversation with Donald. She requested that Donald's petition for divorce be reissued to Batina at an address in Vinton, Louisiana. Williams requested rush service. Service information indicates that the sheriff was "unable to locate" Batina on February 4, 2004. On February 13, 2004, Donald again requested that Batina "be notified of this matter" at the Houston, Texas address. On April 21, 2004, Donald filed a motion and order to appoint a private process server, Crystal Cook, to serve Batina in Houston, Texas. On April 27, 2004, Donald filed an affidavit of identification stating that he "accompanied a Court appointed private process server to Houston Texas where I saw my wife be served by her." On April 29, 2004, Cook filed an affidavit of special process server stating that, on April 20, 2004, she served Batina with a certified copy of the petition of divorce at her domicile. Cook noted, "Although she would not accept these papers, I taped them to her door."

2

On May 20, 2004, Batina, in proper person, filed a "Motion for Non-Suit." On June 1, 2004, Donald filed a motion to fix for trial. On June 29, 2004, Donald's attorney sent a letter to the court stating that Donald would be in the parish on July 12, 2004, on emergency leave from Afghanistan where he is currently on active duty. On July 1, 2004, Donald filed a motion to fix trial for July 12, 2004. On July 6, 2004, Donald filed a motion and order to appoint a private process server, Richard Creedon. On July 12, 2004, Creedon filed a handwritten document essentially stating that he knocked on the door of the apartment alleged to be Batina's pretending to be the maintenance man; that he inquired several times whether or not she was Batina to which she never responded, and that he finally placed the petition on her chest and stated, "You are duly served," to which she replied, "I don't want that," as the paper fell to the ground.

On July 12, 2004, the trial court granted a judgment of divorce in favor Donald. On July 13, 2004, the deputy clerk of court signed a notice stating that she had sent a certified copy of the notice and judgment via the United States mail to counsel of record for Batina.

Batina now appeals.

**ISSUES**

Batina assigns as error:

1.   The trial court's proceeding to trial without first conducting a hearing on the exceptions she filed.

2.   That service of process was insufficient because no proof that a citation issued by the Clerk of Court was actually delivered to her and it was made prior to the court order appointing the private process server.

3

3.      That notice of trial was insufficient when delivered by a private process server only six days prior to trial, which did not allow her to present an adequate defense.

**MOTION FOR NON-SUIT**

Batina claims that her "Motion for Non-Suit," which she filed in proper person, was actually a declinatory exception to the jurisdiction of the court and an exception of insufficiency of citation and service of process. As such, she argues that pursuant to La.Code Civ.P. art. 929(A), it should have been tried and decided in advance of trial. We agree. "Every pleading shall be construed as to do substantial justice." La.Code Civ.P. art. 865. The pleading's caption does not control and the trial court is obligated to consider the substance of the pleading. *Steed v. St. Paul's United Methodist Church*, 31,521, 31,522 (La.App. 2 Cir. 2/24/99), 728 So.2d 931, *writ denied*, 99-0877 (La. 5/7/99), 740 So.2d 1290. The "Motion for Non-Suit" states:

NOW COMES Batina Marie Zeno, pro se respectfully moves the court to allow a Non-suit as to Donald Dewayne Zeno and in support thereof would show the following:

I.

There was insufficient probable cause for the initial divorce in the interests of justice due to Jurisdiction. Petitioner, Donald Dewayne Zeno nor Batina Marie Zeno Resides in Calcasieu Parish. Mover is asking for one-half of Petitioner's retirement, Spousal support, half of all assets and child support and due to Jurisdiction move that the Petition for divorce be dismiss [sic]. Movers also deny being served by Petitioner or any one Else. Mover has filed for divorce in Houston, Texas where she resides and is attempting To have Petitioner, Donald Zeno served.

WHEREFORE, PREMISES CONSIDERED, the State requests that a non-suit be entered In this cause, and for any other and further relief to which it may show itself justly entitled.

Giving Batina the benefit of the doubt, and affording the "Motion for Non-Suit" a broad interpretation, we find this document adequately served as a

4

declinatory exception of the lack of jurisdiction and exception of insufficiency of citation and service of process. As such, pursuant to La.Code Civ.P. art. 929(A), the exceptions "*shall* be tried and decided in advance of the trial of the case." *See Martinez v. Breaux Mart, Inc.,* 93-2257, 93-2497 (La.App. 4 Cir. 1/13/94), 631 So.2d 471.

The record reflects that the trial court failed to hold a hearing on the exceptions prior to granting the judgment of divorce. Because there was no disposition of these exceptions, the divorce was improperly granted. *See Crawford v. Crawford*, 400 So.2d 736 (La.App. 3 Cir. 1981).

Accordingly, we vacate the proceedings that followed and remand to the trial court for further proceedings. Because of our findings, we need not address Batina's remaining two assignments of error.

**CONCLUSION**

The judgment of divorce granted in favor of the plaintiff-appellee, Donald Dewayne Zeno, is vacated and this case is remanded for further proceedings. All costs of this appeal are assessed to the plaintiff-appellee, Donald Dewayne Zeno.

**VACATED AND REMANDED.**