líMOORE, J,
concurring.
I respectfully concur. In my view, the proof of service of citation is not as conspicuously absent as the majority suggests. The certified copy of “the within Process,” served by an East Baton Rouge Parish deputy on November 1, 2004, included both the petition and the notice of seizure. The fact that the notice of seizure was stamped, but not the citation, may well have been an oversight.
Nevertheless, the preliminary default was plainly premature. Service was effected on November 1; Robinson had 15 days to answer. La. C.C.P. art. 1001. Failure to answer within this time exposed him to default. La. C.C.P. art. 1701 A. The first day (November 1) is not included in the delay. La. C.C.P. art. 5059. Robinson therefore had through November 16 to file an answer. The preliminary default entered on that day is premature by one day, and the resulting default judgment is absolutely null. Cardone v. G & R Service Center Inc., 360 So.2d 244 (La.App. 1 Cir.1978). The courts also routinely nullify judgments based on preliminary defaults that predate the 30 days allowed to answer long-arm service. Davis v. Tele-Total Inc., 465 So.2d 948 (La.App. 2 Cir.1985); Houssiere Properties v. Precision Casing Int’l Inc., 535 So.2d 1265 (La.App. 3 Cir.1988); Glessner v. Hyatt, 380 So.2d 222 (La.App. 3 Cir.1980). See also Alphonso v. Cement Product Services Inc., 499 So.2d 305 (La.App. 1 Cir.1986), writ denied 502 So.2d 112 (La.1987).
Because the record is clear that Summit’s preliminary default was premature, and the law is settled that the judgment arising from such a default is absolutely null, I would reverse and remand on that basis.