WHIPPLE, J.
lain this appeal, plaintiff challenges the trial court’s denial of his motion to recuse. For the following reasons, we dismiss the appeal as an appeal from a non-appealable interlocutory judgment.
PROCEDURAL HISTORY
On January 14, 2002, plaintiff, John Augman, filed a petition for damages, contending that his civil rights had been violated by the Morgan City Police Department, its police chief, two officers, one detective, and other defendants who are not parties to this appeal. On October 16, 2002, defendants filed a motion for summary judgment, seeking dismissal of plaintiffs claims against them. Thereafter, on October 24, 2002, plaintiff filed a motion to recuse the trial judge. In his motion, plaintiff alleged that the trial judge should be recused because: (1) the trial judge had presided over a criminal case involving plaintiff in a previous trial, and the facts of the previous criminal case and the instant case were interrelated; (2) the trial judge might be called as a witness in the instant case, “specifically his testimony will be relevant to whether defendant James Richard perjured himself in the prior criminal trial”; (3) the trial judge made an unfavorable ruling in the criminal case in concluding that newly presented evidence would not have produced acquittal and that the evidence is an essential element of the instant case; (4) the trial judge had shown bias against plaintiff in the prior criminal proceeding; and (5) the trial judge had shown bias and exhibited acts of misconduct in the instant civil case.
By judgment dated November 18, 2002, the trial court granted the defendants’ motion for summary judgment and dismissed plaintiffs claims at his costs. However, this court vacated that judgment because the trial court had not addressed the motion to recuse prior to considering the ^substantive issues of the case. The matter was remanded for the trial court to address the motion to recuse. Augman v. City of Morgan City, 2003-0396, p. 4 (La.App. 1st Cir.12/31/03), 864 So.2d 248, 250.
On remand, the trial court instructed the parties to submit briefs on the issue of recusal, and, thereafter, by judgment dated April 14, 2004, the trial court denied *585 plaintiffs motion to recuse.[1] The judgment denying the motion to recuse was not designated as a final judgment for purposes of immediate appeal pursuant to LSA-C.C.P. art. 1915(B)(1). From this judgment, plaintiff sought an “interlocutory appeal.” On June 22, 2004, the trial court signed an order granting plaintiffs appeal from the judgment denying his motion to recuse.
On June 27, 2005, this court issued a rule to show cause by briefs as to why the appeal should not be dismissed. Thereafter, plaintiff filed a response and supplemental response to the show cause order. Attached to the supplemental response is a handwritten motion and order by plaintiff, in which he sought to have the trial court designate the judgment as final for purposes of immediate appeal, pursuant to LSA-C.C.P. art. 1915(B). However, the trial judge denied the motion with a handwritten notation, indicating that there had been no showing of irreparable injury.
14 ANALYSIS
A judgment denying a motion for recusation is interlocutory in nature and may be appealed only upon a showing of irreparable injury.[2] LSA-C.C.P. art.2083; Schwing v. Dunlap, 125 La. 677, 680-681, 51 So. 684, 685 (1910); Augman, 2003-0396 at p. 4 n. 3, 864 So.2d at 250 n. 3. Irreparable injury occurs in those cases where the error in the ruling cannot as a practical matter be corrected on appeal after a trial on the merits. Carr v. GAF, Inc., 97-2325, p. 2 (La.11/14/97), 702 So.2d 1384, 1385. In Deville v. Calogero, 96-162, pp. 1-2 (La.App. 3rd Cir.4/24/96), 673 So.2d 1175, 1175-1176, the Third Circuit Court of Appeal concluded that the plaintiff therein had failed to prove that she would suffer irreparable injury from an interlocutory judgment denying her motion to recuse the trial court judge. Accordingly, the court concluded that the judgment was not an appealable interlocutory judgment pursuant to LSA-C.C.P. art. 2083(A). Deville, 96-162 at p. 2, 673 So.2d at 1176. We agree with the Third Circuit’s analysis and find it applicable herein.
CONCLUSION
In the instant case, plaintiff has demonstrated no irreparable injury. Accordingly, the judgment at issue is not immediately appealable, given plaintiffs failure to demonstrate irreparable injury pursuant to LSA-C.C.P. art. 2083(A) and the lack of a designation by the trial court, pursuant to LSA-C.C.P. art. 1915(B), that the judgment is final for purposes of immediate appeal. Accordingly, the appeal is dismissed at appellant’s costs.
APPEAL DISMISSED.

. The provisions of LSA-C.C.P. art. 154 state in relevant part: "If a valid ground for recu-sation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc.” It has been jurisprudentially established that when the motion to recuse fails to enunciate valid grounds for recusation, the district judge may overrule the motion without referring the matter to another judge. See State v. Littleton, 395 So.2d 730, 732 (La.1981); Augman v. City of Morgan City, 2003-0396 at pp. 3-4, 864 So.2d at 250.

. By Acts 2005, No. 205, the Legislature amended LSA-C.C.P. art.2083 to delete the language allowing for an appeal of an interlocutory order that causes irreparable injury. Under the amended language, an interlocutory judgment is appealable only when expressly provided by law. However, this amendment, which will become effective on January 1, 2006, is not applicable herein.