<u>**NOT DESIGNATED FOR PUBLICATION**</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0063

DERRICK ALLEN

VERSUS

LT. FREDA GEE; STATE OF LOUISIANA THROUGH LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, LOUISIANA
STATE PENITENTIARY

Judgment Rendered: _____SEP 27 2024_____

* * * * *

On Appeal from the
Twentieth Judicial District Court
In and for the Parish of West Feliciana
State of Louisiana
No. 23693, Sec. A

The Honorable Kathryn E. "Betsy" Jones, Judge Presiding

* * * * *

Derrick Allen
Rayburn Correctional Center
Angie, LA

Plaintiff/Appellant
Self Represented Litigant

Liz Murrill
*Attorney General*
Phyllis E. Galzer
Steven P. Abide
*Assistant Attorney Generals*
Baton Rouge, LA

Attorneys for Defendants/Appellees
Lt. Freda Gee and State of Louisiana
Through Louisiana Department of
Public Safety and Corrections,
Louisiana State Penitentiary

* * * * *

**BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.**

*Penzato, J., concurs and assigns reasons*

**STROMBERG, J.**

An inmate appeals a judgment of the district court denying his motion to recuse. The district court dismissed the motion upon finding that the inmate failed to state grounds justifying a recusal under La. C.C.P. art. 151. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The plaintiff, Derrick Allen, an inmate at Rayburn Correctional Center, filed this action on November 13, 2019, against the defendants, Lieutenant Freda Gee and the State of Louisiana, through the Department of Public Safety and Corrections (DPSC), alleging that he was sexually abused by Lieutenant Gee, a guard at the Louisiana State Penitentiary in Angola, Louisiana.[1] The plaintiff filed a motion to proceed *in forma pauperis* and attached to the motion an affidavit attesting that he did not have sufficient funds for court costs. The motion was granted on November 14, 2019. On January 8, 2020, the matter was stayed and service of process was recalled in accordance with La. R.S. 15:1186(B)(2)(a).[2]

On May 26, 2023, the defendants answered the plaintiff's petition denying the majority of the allegations. After various pleadings were filed by the plaintiff, on September 29, 2023, the defendants filed a motion to traverse the plaintiff's affidavit of poverty and dismiss, or in the alternative, revoke the plaintiff's pauper status. On October 19, 2023, the district court judge in this matter filed a "RESPONSE TO LETTER and ORDER OF TRANSPORT FOR HEARING" that stated, in pertinent part:

> By letter dated September 9, 2023, mailed directly to the undersigned judge, and received on [sic] by her on September 20, 2023, the petitioner in the above entitled case, Derrick Allen DOC #29511,

---

[1] At the time of Mr. Allen's alleged cause of action, he was incarcerated at the Louisiana State Penitentiary.

[2] The motion to stay was allegedly lifted once the filing fees were paid in full.

2

complains to the undersigned of multiple prior rulings in this case. No direct substantive response to that letter will be made because a letter to the court is not a legal pleading filed in compliance with the Louisiana Code of Civil Procedure.

The district court judge attached the plaintiff's letter to her response letter. In the plaintiff's letter, he requested that the district court judge recuse herself from his case because she was not being impartial.

On November 2, 2023, the plaintiff filed a "Motion to Recuse Judge," wherein he alleged that the district court judge in this matter lied and conspired with the Clerk of Court and the defendants' counsel to get his case dismissed by having *ex parte* communications without the plaintiff's knowledge. The plaintiff further alleged that he was being prejudiced because the district court judge included in her response letter that "it [was] noted that [the plaintiff] ha[d] filed in excess of fifteen civil cases against the State of Louisiana spanning over two decades, just in the District Court of West Feliciana Parish." The plaintiff asserted that "it sound[ed] like the [j]udge [was] helping counsel for [the] defendants defend [the] motion[.]" Therefore, the plaintiff prayed that his motion to recuse be granted.

On November 15, 2023, the district court held a hearing on the plaintiff's motion to recuse and the defendants' motion to traverse the plaintiff's affidavit of poverty and dismiss the suit, or in the alternative, revoke the plaintiff's pauper status. After hearing arguments from the parties, the district court denied the motion to recuse for failing to state a ground justifying recusal under La. C.C.P. art. 151 and dismissed the plaintiff's case with prejudice at the plaintiff's cost. The district court also granted the defendants' motion to revoke the plaintiff's pauper status. On

December 12, 2023, the district court signed a judgment in accordance with its oral ruling.[3] The plaintiff subsequently appealed.

After the appeal was lodged with this court, the plaintiff filed a Motion to Strike Defendants' Brief. This court denied the motion on June 20, 2024.

## DISCUSSION

On appeal, the plaintiff asserts that he is only appealing the denial of his motion to recuse. In his brief, the plaintiff argues that the district court judge erred when she allegedly denied the motion to recuse after she dismissed the plaintiff's case. The plaintiff further argues that the district court judge erred when she refused to recuse herself from the case or refer the motion to another *ad hoc* judge to hear the matter. The plaintiff also argues that the district court judge improperly disregarded his letter, dated September 9, 2023, that he sent to the district court judge requesting that she recuse herself from his case.[4]

The defendants counter argue that the district court judge properly denied the plaintiff's motion to recuse because the plaintiff failed to set forth a ground for recusal under La. C.C.P. art. 151. The defendants assert that during the November 15, 2023 hearing, the district court judge denied the plaintiff's motion to recuse before she granted the defendants' motion to traverse and dismissed the case. Therefore, the defendants argue that any argument from the plaintiff that the district court improperly denied the plaintiff's motion to recuse after she dismissed the plaintiff's case lacks merit. The defendants further argue that many of the plaintiff's allegations are conclusory and unsubstantiated. Specifically, the defendants argue

---

[3] The district court signed an order on November 20, 2023, that denied the plaintiff's motion to recuse because the plaintiff failed to sufficiently assert any of the grounds for mandatory recusal under La. C.C.P. art. 151.

[4] The plaintiff's letter to the court is not a certified pleading recognized by La. C.C.P. art. 852. As provided in La. C.C.P. art. 852, pleadings allowed in civil actions consist of "petitions, exceptions, written motions, and answers." Hicks v. Steve R. Reich, Inc., 38,424 (La. App. 2 Cir. 5/12/04), 873 So.2d 849, 852.

that the plaintiff's allegations as to why his motion to recuse should be granted are merely his disagreements with prior rulings of the district court judge. Therefore, the defendants argue that the district court did not err when it found that the plaintiff failed to allege a valid ground for his motion to recuse under La. C.C.P. art. 151.

Recusal of a judge is governed by La. C.C.P. arts. 151 through 159. Succession of Brown, 2023-1137 (La. App. 1 Cir. 6/4/24), 2024 WL 2822728, *2. Louisiana Code of Civil Procedure article 154[5] specifically requires that a party desiring to recuse a judge of a district court "shall" file a written motion, assigning the ground for recusation "no later than thirty days after discovery of the facts constituting the ground upon which the motion is based[.]" Louisiana Code of Civil Procedure article 154(B) provides that if the motion to recuse sets forth a ground for recusal under La. C.C.P. art. 151, the judge shall either recuse herself or make a written request to the supreme court for the appointment of an *ad hoc* judge. The grounds for recusal of a judge are set forth in La. C.C.P. art. 151, which states:

> A. A judge of any trial or appellate court shall be recused upon any of the following grounds:
>
> (1) The judge is a witness in the cause.
>
> (2) The judge has been employed or consulted as an attorney in the cause or has previously been associated with an attorney during the latter's employment in the cause, and the judge participated in representation in the cause.
>
> (3) The judge is the spouse of a party, or of an attorney employed in the cause or the judge's parent, child, or immediate family member is a party or attorney employed in the cause.

---

[5] Louisiana Code of Civil Procedure article 154(A) states:

> A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusal under Article 151. This motion shall be filed no later than thirty days after discovery of the facts constituting the ground upon which the motion is based, but in all cases prior to the scheduling of the matter for trial. In the event that the facts constituting the ground upon which the motion to recuse is based occur after the matter is scheduled for trial or the party moving for recusal could not, in the exercise of due diligence, have discovered such facts, the motion to recuse shall be filed immediately after such facts occur or are discovered.

5

(4) The judge is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that the judge would be unable to conduct fair and impartial proceedings.

B. A judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

C. In any cause in which the state or a political subdivision thereof is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, is not a ground for recusal. In any cause in which a religious body or religious corporation is interested, the fact that the judge is a member of the religious body or religious corporation is not alone a ground for recusal.

When a party seeks recusation of a judge based on allegations of bias or prejudice, our jurisprudence requires not only a finding of actual bias or prejudice, but that the bias or prejudice must be of a substantial nature and based on more than conclusory allegations. Covington v. McNeese State University, 2010-0250 (La. 4/5/10), 32 So.3d 223, 224-225. Adverse rulings alone do not show bias or prejudice. Earles v. Ahlstedt, 591 So.2d 741, 746 (La. App. 1 Cir. 1991). Further, alleged bias or prejudice which "emanates from testimony and evidence set forth in the proceedings" is not of an "extrajudicial nature" and is therefore insufficient to merit recusal. Augman v. City of Morgan City, 2003-396 (La. App. 1 Cir. 12/31/03), 864 So.2d 248, 249.

The record reveals that the plaintiff filed a motion to recuse on November 2, 2023, and the district court considered the motion during the November 15, 2023 hearing. The record further reveals that after the district court judge heard from the plaintiff on the motion to recuse, she dismissed the motion and stated that "[s]imply disagreeing with a [j]udge's ruling is not a valid ground for recusal." The district court judge then proceeded to dismiss the plaintiff's case with prejudice. The district

6

court judge followed the proper procedure in denying the plaintiff's motion to recuse without requesting the appointment of an *ad hoc* judge in accordance with La. C.C.P. art. 154(B) because she found that the plaintiff failed to state a valid ground for recusal as mandated by La. C.C.P. art. 151. Where the motion to recuse does not contain a valid ground for recusation, the district court judge may deny the motion without referring it to another judge for determination. David v. David, 2014-999 (La. App. 3 Cir. 2/4/15), 157 So.3d 1164, 1168, writ denied, 2015-0494 (La. 5/15/15), 170 So.3d 968.

Although the plaintiff has a multitude of allegations in his motion to recuse the district court judge in this matter, it appears that his recusal request is largely premised on his disagreements with the district court judge's prior rulings in his case. Adverse rulings alone do not show bias or prejudice. Cave v. Cave, 2020-0240, 2020-0550 (La. App. 1 Cir. 3/25/21), 2021 WL 1134946, *12 (unpublished). A judge is presumed to be impartial. The grounds for recusal enumerated in La. C.C.P. art. 151 are exclusive and do not include a "substantial appearance of the possibility of bias" or even a "mere appearance of impropriety" as causes for removing a judge from presiding over a given action. Louisiana Code of Civil Procedure article 151 requires a finding of actual bias or prejudice, which must be of a substantial nature and based on more than conclusory allegations. Slaughter v. Board of Sup'rs of Southern University and Agr. and Mechanical College, 2010-1114 (La. App. 1 Cir. 8/2/11), 76 So.3d 465, 471, writ denied, 2011-2112 (La. 1/13/12), 77 So.3d 970.

7

Accordingly, after a thorough review of the record, we find no error in the district court's denial of the plaintiff's motion to recuse.[6] Therefore, the plaintiff's assignment of error lacks merit.

## CONCLUSION

For the reasons stated above, the December 12, 2023 judgment of the district court is affirmed. All costs of this appeal are assessed to the plaintiff, Derrick Allen.

**AFFIRMED.**

---

[6] We recognize that the plaintiff was a self-represented litigant in the proceedings before the district court and that these litigants should generally be given more latitude than litigants represented by counsel because of the lack of formal training in the law and rules of procedure. In re Medical Review Panel Claim of Scott, 2016-0145 (La. App. 4 Cir. 12/14/16), 206 So.3d 1049, 1058, writ denied, 2017-0063 (La. 2/17/17), 216 So. 3d 53. However, we also recognize that the plaintiff, a self-represented litigant, assumes responsibility for his lack of knowledge of the law, and must carry his burden of proof to be entitled to relief. Burton v. Belt, 2021-0571 (La. App. 4 Cir. 5/18/22), 340 So.3d 1176, 1183, n.2.

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2024 CA 0063

**DERRICK ALLEN**

**VERSUS**

**LT. FREDA GEE; STATE OF LOUISIANA THROUGH LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, LOUISIANA
STATE PENITENTIARY**

**PENZATO, J., concurring.**

I respectfully concur in this matter. Mr. Allen's appeal concerns only the portion of the December 12, 2023 judgment denying his motion to recuse. Mr. Allen does not assign error to the trial court's ruling on the State's motion, which resulted in the dismissal of his suit with prejudice. A judgment denying a motion to recuse is interlocutory and may be appealed only upon a showing of irreparable injury. *Augman v. City of Morgan City*, 2004-1746 (La. App. 1st Cir. 9/23/05), 914 So.2d 583, 585. An interlocutory judgment may not be appealed after a final judgment is rendered without seeking review of the final judgment as well. *Marco Outdoor Advertising, Inc. v. Department of Transportation & Development By & Through Wilson*, 2021-0123 (La. App. 1st Cir. 7/13/21), 329 So.3d 288, 297-298, *writ denied*, 2021-01195 (La. 11/10/21), 326 So.3d 1247; *Palmisano v. Nauman-Anderson*, 2017-511 (La. App. 5th Cir. 12/27/17), 236 So.3d 1275, 1277. Mr. Allen filed a petition for appeal within the delay to file a writ application; therefore, in the interest of judicial economy, I would convert the appeal to a writ application and exercise our supervisory jurisdiction to consider the merits of Mr. Allen's arguments. See La. C.C.P. art. 1914; Uniform Rules of Louisiana Courts of Appeal, Rule 4-3. See also *Matter of Succession of Pierre*, 2023-1322 (La. App. 1st Cir. 5/31/24) --- So.3d ---, 2024 WL 2969200, *3.

1